GARABED GULBENKIAN ET AL V. FREDERICK R. PENN.

No. A-3430. Decided October 1, 1952.
(252 S. W., 2d Series, 929.)

*Goldberg, Fonville, Gump & Strauss, Palmer & Rochelle* and *Phillip L. Palmer,* of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that there were

genuine fact issues explicit in the defensive pleadings and cross-action rendering final disposition on summary judgment premature. Weinstein v. National Bank of Jefferson, 69 Texas 38, 6 S.W. 171, 5 Am. St. Rep., 23; Johnson v. Byler, 38 Texas 606; Eller v. Paul Revere Life Ins. Co. 138 Fed. 2d 403.

*Bundidge, Fountain, Elliott, & Bateman, Roy C. Coffee, R. D. Hardy* and *L. E. Elliott,* all of Dallas, for respondent.

Fraud and failure of consideration are legal defenses inhering in petitioner's cause of action and available as a defense as long as the cause of action exists. Mason v. Peterson, 250 S.W. 142; Moore v. Hazelwood, 67 Texas 624, 4 S.W. 215; Morris Buick Co. v. Davis, 91 S.W. 2d 313.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This cause reaches this court from a judgment of the Court of Civil Appeals reversing a judgment of a district court of Dallas County, Texas, granting a summary judgment to petitioners. 243 S.W. 2d 220. Petitioners filed suit against respondent for recovery of a money judgment alleged to be due by virtue of a certain licensing agreement between one Kerope Gulbenkian and respondent. The agreement was plead in the petitioners' second amended original petition and purported to be an exclusive license agreement whereby the respondent received the exclusive license rights under a certain named and numbered patent for a consideration set out in the agreement.

Petitioners were the heirs of the said Kerope Gulbenkian, who had died during the interval between the execution of the license agreement and the time of filing of the suit. Respondent answered pleading a general denial, and, among other defenses to the suit, plead a failure of consideration by virtue of fraud and deceit practiced upon respondent by Kerope Gulbenkian at the time of the signing of the licensing agreement. This defense was duly verified. In addition, respondent plead invalidity of the license agreement by virtue of the Sherman Anti-Trust Act, and the Anti-Trust Act of the State of Texas; also that the patent in question expired in December 1948, and therefore no further royalties could legally be collected after such expiration date. For cross action the respondent plead his cause of action for fraud and misrepresentation and asked for return of all moneys previously paid to petitioners, and offered to surrender to petitioners the license agreement.

Petitioners filed a supplemental petition lodging certain exceptions to respondent's answer, among which exceptions and defensive pleading were estoppel, laches and the statute of limitations. Request for admission was filed by petitioners and answered by respondent. Thereafter, petitioners filed a motion for summary judgment against the respondent upon the grounds (1) that the pleadings of the parties, the admissions of respondent and the licensing agreement, together with the attached affidavit of plaintiff Hrepsime Gulbenkian "prove all the facts necessary to entitle plaintiffs (petitioners) to recovery;" (2) a. not involved in this appeal; b. that respondent's plea of failure of consideration is an attack on the validity of the patent, the subject matter of the license agreement, and respondent is estopped to attack the validity thereof, having used and paid royalties under the exclusive license agreement for almost eight years; c. that respondent is estopped to rescind the license agreement by reason of laches, having delayed almost eight years in asserting his claims and until after the death of Kerope Gulbenkian and thereby has deprived petitioners of making other contracts for the use of the process, and of refuting the claims of the respondent, and d. that the cross action is barred by the two and four years statutes of limitations and by laches. Accompanying it is an affidavit of petitioner, Hrepsime Gulbenkian which sets out the family history of Kerope Gulbenkian so as to show the rights of petitioners as his heirs; the license agreement between one Schachno Peisach Schotz and Kerope Gulbenkian, and the license agreement between Kerope Gulbenkian and respondent; also an allegation that no royalties called for have been paid since June 1947. The respondent filed his counter affidavit setting out his defense of fraud inducing the contract and alleging failure of consideration; that respondent did not learn of such failure until June 1947, his defense that the license agreement expired December 1948, and that the license agreement is void under the Sherman Anti-Trust Act, and that respondent had personal knowledge of the facts constituting his defense and if sworn as a witness, could competently testify thereto, and asks for a trial of the cause on its merits. That part of the licensing agreement, dated December 19, 1939, which has a bearing on this cause is as follows:

"And in addition to the consideration hereinabove referred to, the Licensee further agrees to pay to the Licensor until August 4, 1953, a royalty of fifteen cents (15¢) a pound for each and every pound of bleaching product manufactured and sold by him or his sub-licensees under United States Patent No. 1,836,-

134 during the term of this license agreement; and the Licensee further agrees to pay to the Licensor a minimum royalty of Two Hundred and Fifty Dollars. ($250.00) per month during the term of this license agreement. The payments hereinabove provided shall be paid monthly."

Rule 166-A, Rules of Civil Procedure, provides for summary judgment "(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that*, except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Emphasis added).

**1, 2** We adopted this rule from Federal Rule 56, and that rule has been construed as allowing summary judgments only when there is no disputed fact issue. The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. King v. Rubinsky, 241 S.W. 2d 220(1) (no writ history) ; Haley v. Nickels (no writ history, 1950) 235 S.W. 2d 685(5). As said in the case of Kaufman, et al v. Blackman, et al, Tex. Civ. App., 239 S.W. 2d 422, writ refused, NRE, "The underlying purpose of Rule 166-A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their rights to a full hearing on the merits of any real issue of fact." The burden of proving that there is no genuine issue of any material fact is upon the movant, and "all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." De La Garza v. Ryals, 239 S.W. 2d 854(4) ; writ ref. NRE, 1951; Sarnoff v. Ciaglia (3rd Cir.) 165 F. 2d 167, 168; McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26 (I), p. 1380, and authorities there cited. Idem. p. 1392 (VI) ; 2 Baylor Law Rev. 330.

**3** "In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position." McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26, p. 1394, and authorities there cited; 41 Am. Jur. Pleading, Sec.

173, p. 415; idem. Sec. 342, p. 525; 30 Tex. Law Rev. 302; 2 Baylor Law Rev. 328; 18 Tex. Bar Journal, Robt. W. Stayton, "Notes on Summary Judgment", September 1950, p. 474.

**4** The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted. Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967; Sarnoff v. Ciaglia, supra; Fogelson v American Woolen Co., 170 F. 2d 660; Fireman's Mutual Ins. Co. v. Aponaug Mfg. Co., 149 F. 2d 359; Arnstein v. Porter, 154 F. 2d 464; 4 F.R.D. 940; Boro Hall Corp. v. General Motors Corp., 164 F. 2d 770; Pierce v. Ford Motor Co. (4th Cir., 1951) 190 F. 2d 910.

**5** The crux of petitioners' motion for summary judgment is that respondent had a legal duty to produce the product under the license agreement, and had he discharged this duty he would have discovered the alleged worthlessness of the patent long prior to June 1947; therefore, as a matter of law, respondent is estopped to claim he did not make such discovery prior to June 1947. The cases cited by petitioners as holding there is a legal duty to produce under the patent are Re Waterson, Berlin & Snyder Co. (Cir.) 48 Fed. 2d 704, and American Mech. Imp. Co. v. Des Lauriers Aircraft Co. 94 N.J.Eq. 197, 119 Atl. 179. These are cases wherein the licensee under a patent or copyright had agreed to pay a royalty only on the product produced; therefore, for the licensor to receive any pay there must be production. The law would not permit the licensee to sit on the patent or copyright, and not produce, thus depriving the licensor of any return from the patent during its life. After the patent had expired, a license to produce thereunder would be valueless, as anyone could produce the product without paying any royalty. As applied to the facts of those cases, we have no quarrel with the principle of law declared. But in our case, the licensor agreed to take a minimum payment of $250.00 per month as his remuneration under the license rights. This was paid by respondent until June 1947. We think that a fact issue was raised as to date the respondent discovered, or should have discovered, the alleged worthlessness of the patent. This raises a fact issue as to the pleas of limitation and laches. Did the agreement to accept a minimum royalty payment of $250.00 per month waive the right of petitioners to have production under the patent? Can it be said, as a matter of law, that this agreement did constitute a waiver? Or can it be said as a matter of law that such conduct did not constitute a waiver? We think a fact issue was raised.

418

**6** On the question of estoppel we find that "In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the fact; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice." 31 C.J.S. Etoppel, Sec. 67, p. 254. Also, "Before an estoppel can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. No one should be denied the right to set up the truth unless it is in plain contradiction of his former allegations or acts. If an act or admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel." Idem. Sec. 77, p. 282, et seq.

We do not believe all the essential elements of estoppel are established by the record as presented to the court on the motion for summary judgment, and that a fact question was raised as to the estoppel. Since this cause must be tried on its merits we are expressing no opinion on the facts.

We think the Court of Civil Appeals correctly reversed the trial court's summary judgment, and remanded the cause to the trial court for another trial.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 1, 1952.