**R. C. RILLING et ux., Appellants,**

v.

**Roy F. WOOLSEY et ux., Appellees.**

No. 3630.

Court of Civil Appeals of Texas.

Eastland.

May 26, 1961.

Rehearing Denied June 23, 1961.

---

Andrew Dilworth, James A. McKay, Jr., San Antonio, for appellants.

Urban Farrow, Carrizo Springs, for appellees.

GRISSOM, Chief Justice.

The Rillings sued the Woolseys for damages caused by an alleged breach of a written contract. The defendants filed a motion for a summary judgment. It was sustained and judgment was rendered for defendants. The Rillings have appealed.

The Rillings alleged that the parties entered into a written contract whereby they agreed to buy and the Woolseys agreed to sell land in Dimmit County; that in said contract the Woolseys guaranteed that when the Rillings took possession, at the close of the deal, the irrigation pump on the land would be in good working order and there would be an ample supply of water for irrigation and home use for ninety days; that when the Rillings moved from San Antonio to Dimmit County and took possession at the close of the deal the irrigation pump was not in good working order and there was not an ample supply of water for irrigation and home use for ninety days.

The defendants alleged in their motion for a summary judgment that plaintiffs had failed to show the existence of any issue as to a material fact "for the reason that the contract on which their suit is based provided only that the irrigation pump was to be in good working order at the time plaintiffs gained possession." They then alleged that plaintiffs inspected the pump before buying the land and that it was their duty to refuse to accept the property if the pump was not in good working order. The Woolseys attached to their motion a copy of the written sales contract and several affidavits. The contract was a printed form into which the parties inserted the two representations, or guarantees, that plaintiffs alleged the Woolseys breached and on which their claim for damages was based. The affidavit of Howell, which the Woolseys attached to their motion, stated that before signing the contract the Rillings started the pump, smelled and tasted the water and that Mr. Rilling announced that they were satisfied, "provided" said agent would insert into the contract, among other things, a provision that the Woolseys would guarantee a supply of water ample for irrigation and home use for ninety days, which he did insert, and further, that the Rillings had previously inquired whether the Woolseys would guarantee the pump and machinery to be in good condition and that said agent told the Rillings the Woolseys would guarantee them to be in good condition when "the Rillings took possession". The Rillings answered said motion by pointing out that they had alleged a cause of action for damages for breach of contract and, in the alternative, for damages under Article 4004, relating to fraudulent representations in real estate transactions. They then alleged that the pleadings and the affidavits showed there were genuine issues as to material facts. The Rillings attached to their answer their affidavit that when they took possession the pump was not in good working order and there was not a water supply adequate for irrigation and home use for ninety days. The written contract attached to the Wool-

seys' motion contained guarantees of ample water for irrigation and home use for ninety days and that the irrigation pump would be in good working order when the Rillings obtained possession.

The Rillings were not, as appellees appear to contend, required to rescind the contract when they learned the irrigation pump was not in good working order and that there was not an ample supply of water for said purposes and time. They had the right to keep the land and sue for damages for breach of said provisions. We think it is obvious there was a dispute as to material issues of fact, namely, whether the pump was in good working order and whether there was an ample supply of water for said purposes and time when the Rillings took possession at the close of the deal. See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, and Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93, 94.

The judgment is reversed and the cause is remanded for a trial on the merits.