**ARLINGTON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**JAMES T. TAYLOR & SON, INC., et al.,**
Appellees.
No. 16279.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 9, 1962.

Rehearing Denied March 16, 1962.

Brown, Herman, Scott & Young, and Ardell M. Young, Fort Worth, for appellant.

McGown, Godfrey, Logan & Decker, John W. McMackin and Warren W. Shipman, III, Fort Worth, for appellees.

BOYD, Justice.

This is an appeal by Arlington Independent School District from a summary judgment in favor of James T. Taylor & Son, Inc., and the corporation's surety, Seaboard Surety Company.

This is the second appeal of the case. In the first appeal, Arlington Independent School District v. James T. Taylor & Son, Inc., et al., 322 S.W.2d 548, a summary judgment for the appellees was reversed by this court; on writ of error, the Supreme Court affirmed (160 Tex. 617, 335 S.W.2d 371) but for reasons other than those assigned by this court. Since the facts are fully set out in the two opinions referred to, our statement will be brief. Appellant will be referred to as School District, and appellee James T. Taylor & Son, Inc., will be referred to as Taylor or contractor.

Taylor was low bidder by about $36,-000.00 on a construction job for School District. The bid had been prepared by Hicks, Taylor's estimator. Taylor contended that in totalling the figures the estimator made a mistake in addition in the amount of $100,-000.00; that is, the bid submitted was that amount less than what was intended to be submitted. The contract was awarded to Taylor, which Taylor refused to sign or carry out. School District then awarded the contract to the next low bidder, which was $36,278.00 higher than Taylor's bid. School District sued Taylor for that amount.

This court reversed the former summary judgment on the grounds that the burden was on Taylor to prove by clear and convincing evidence that the mistake was non-negligent, and that School District knew or suspected that a mistake had been made. The opinion stated, however: "We believe that the record before us unquestionably shows that an honest mistake had been made by the contractor." It was pointed out that Hicks was an interested witness, and that J. O. Taylor, who, on behalf of the contractor, executed the bid and bond, and who had occasion to examine Hicks' figures before the bid was submitted, did not give a deposition or make an affidavit in support of the motion for summary judgment.

The Supreme Court did not agree with this court that the burden was on Taylor to show by clear and convincing evidence that the mistake was not due to its own negligence and that the School District either knew or had reason to know of the mistake before accepting the bid. That Court said:

"Most of the cases and legal writers affirm the proposition that equitable relief will be granted against a unilateral mistake when the conditions of remediable mistake are present. These conditions generally are: (1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake must have been made regardless of the exercise of ordinary care; and (4) the parties can be placed in status quo in the equity sense, i. e., rescission must not result in prejudice to the other party except for the loss of his bargain. * * * It is said in 43 American Jurisprudence, Public Works and Contracts, Sec. 63, p. 805:

" 'As a general rule, equitable relief will be granted a bidder for a public contract where he has made a material mistake of fact in the bid which he submitted, and upon the discovery of that mistake acts promptly in informing the public authorities and requesting withdrawal of his bid or opportunity to rectify his mistake, particularly where he does so before any formal contract is entered into.'

" * * * it seems settled that when testimony comes from an interested party and is of such a nature that it cannot be readily contradicted if untrue, an issue relating to the credibility of the witness is presented. * * * We therefore conclude that there was an issue of fact to be determined by the jury as to whether a mistake was in fact made. * * * If there is raised an issue of fact as to whether the mistake was the result of such carelessness or lack of good faith in calculation which violates the positive legal duty in making a bid, then the court should inquire whether such mistake was wholly caused by the failure to exercise at least that minimum degree of care which a public authority in the position of the School District may reasonably expect all of its bidders to exercise in the light of the circumstances of the transaction and the practice of the trade."

The only showing by way of depositions and affidavits as to the mistake, if any, and the circumstances surrounding it, was by Hicks, Williams, vice president, and J. O. Taylor, president, of the contractor. They were all interested witnesses.

The School District had no opportunity to cross-examine either Taylor or Williams. Hicks, who took Taylor's bid to the School Board meeting a few minutes before the bids were opened, said he got excited when he learned that Taylor's bid was so much lower than the next low bid. One of the bidders said something to him about there being an error in his bid. Some of the School Board members asked him if he was certain Taylor could do the work for that amount of money. He said that next morning, upon examination of the data which he had not taken with him to the bid opening, he learned of the mistake.

In Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, the court said:

" 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' * * * The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted."

In speaking of summary judgments in 13 Texas Bar Journal, p. 473, Judge Stayton said:

"Neither will the remedy be awarded where the issue is inherently one for a jury or judge trial, as generally in instances of intent; exercise of judgment, of discretion, of reasonable care; * * * or the like."

We think the School District had the right to go to the jury on the questions as to whether in fact a mistake was made, and, if so, whether it came within the classification of remediable one, the elements of which are set out in the opinion of the Supreme Court on the former appeal.

The judgment is reversed and the cause remanded.

MASSEY, Chief Justice (concurring).

I concur in the opinion of Justice BOYD.

For the sake of any necessary future use I believe that the opinion should include reference to the fact that perforce the holding of the Supreme Court on the former appeal no valid and binding contract may be made between a public agency and a bidder on a public contract which purports to bind the latter, despite an error which might exist in the amount for which the bidder offered to perform, to enter into a contract and give bond for the faithful performance of the public contract upon acceptance of the bid,—except it be that the offer in a mistaken amount was the result of such carelessness or lack of good faith in calculation as to amount to a violation of the bidder's positive duty in making the same.

Language of the contract sought to be enforced by the School District may be found in the former opinion of this court, 322 S.W.2d 548, 550 (right hand column), as same appears from the contractor's bid bond. Therefrom it is evident that the contractor intended to bind and obligate himself to the School District upon an acceptance by the latter of the bid offer of the former.

As I understand the Supreme Court holding, it engrafts an exception to one of the basic public policies of our state, that which generally affirms the right of parties to contract and to have their contracts enforced by the courts.

The case is discussed in 15 Southwestern Law Journal at page 344. The summary judgment feature is discussed at page 377.