**John W. SIMMONS et al., Appellants,**

**v.**

**Coleman D. McSPADDEN, Appellee.**

**No. 7209.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 17, 1962.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

No one appearing for appellee.

DENTON, Chief Justice.

This is an appeal from an order of the trial court sustaining defendant's motion for summary judgment. The suit was instituted by John W. Simmons and E. W. Simmons against Coleman D. McSpadden to foreclose a contract and equitable lien upon certain properties conveyed and transferred by John W. Simmons and wife to McSpadden. No brief has been filed by appellee.

On August 30, 1960, John W. Simmons and wife, Sara Ann Simmons, and McSpadden entered into a written contract whereby Mr. and Mrs. Simmons sold and conveyed certain real and personal property to McSpadden, who took the property subject to all just and legal debts against the property. By the terms of the contract, it was the intention of Simmons to convey to McSpadden all of his property save and except property expressly excluded in the contract. A list of debts owed by Simmons was attached to the instrument but it provided: "It is recognized that said list of creditors and the balances due thereon may be incomplete or contain some variations as to the actual balances due thereon but same is accurate and correct to the best knowledge of First Party." The contract further provides: "Second Party (meaning McSpadden) in no way assumes or agrees to discharge and pay said indebtedness, but only takes title to said property, subject to said indebtedness. In this connection, Second Party recognizes that he is taking said property subject to the rights of all bona fide creditors whether secured or unsecured to the extent of the reasonable market value of said property." Upon the execution of the contract, McSpadden took over the properties, proceeded to confirm the accounts receivable and the debts, paid some portion of the indebtedness, and in general assumed control of the property.

Plaintiffs below pleaded the written contract of August 30, 1960; that the reasonable market value of the property turned over to the defendant was $1,129,282.00; that the defendant has disposed of an unknown amount of such property; that plaintiffs had paid the sum of $122,259.32 to various named banks and that $25,318.44 remained due and owing to the Vega State Bank; that the defendant refused to make such payments save and except $1,000.00 which he paid to the Vega bank; and that the property conveyed to the defendant was subject to the indebtedness owed to the banks which was paid by the plaintiffs'. By way of answer, the defendant denied that all property had been turned over to him; pleaded the market value of the property did not exceed $700,000.00; and that the defendant had paid or obligated himself to pay $850,000.00.

Attached to defendant's motion for summary judgment is the defendant's affidavit, in which he set out the values of the property received; the amount of indebtedness and the value of the accounts receivable.

Although the figures used in the affidavit vary somewhat from those pleaded in the amended answer, they reach the same general conclusion, to-wit, the properties' market value was less than that represented by the plaintiffs; that the indebtedness was greater than that represented; and that such indebtedness exceeded the market value of the property conveyed. The affidavit of the plaintiff, John W. Simmons, in opposition to the motion for summary judgment, refutes the whole tenor of the defendant's affidavit. Simmons states that all property listed in his amended petition was delivered to defendant; that the property conveyed, plus the accounts receivable, had a market value of at least $1,073,000.00; denied that the indebtedness assumed by defendant exceeded $930,000.00 and concluded that the total indebtedness was less than the market value of the assets transferred. Simmons further states that since the execution of the written contract, John W. Simmons and E. W. Simmons had been required to pay or had become liable to pay the total sum of $147,577.76 to the various named banks because of the defendant's failure and refusal to pay such debts.

The sole question before this Court is whether or not the trial court erred in granting the summary judgment. The record contains the oral depositions of John W. Simmons and E. W. Simmons and the defendant McSpadden together with the affidavits above referred to. In deciding a motion for summary judgment, the trial court considers the pleadings, affidavits, admissions and depositions, not for the purpose of weighing the evidence or determining its credibility and thus try the case on its merits, but only for the purpose of determining if there are any material facts to be tried. Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929. In such cases, the movant has the burden of proof that there is no genuine issue of any material fact, and any doubts as to the evidence of a genuine issue of a material fact must be resolved against the parties moving for a summary judgment. Gulbenkian v. Penn, supra.

Plaintiffs' cause of action is based on the written contract, and the rights of both parties must be determined by its provisions. Defendant's motion for summary judgment is based on the premise the defendant has no personal obligation or liability to the plaintiffs in that the record fails to show a cause of action either of law or equity against the defendant. As we understand it, plaintiff's primary cause of action is one which seeks a foreclosure of their alleged contract and equitable lien upon the property conveyed. This is based on the fact that certain indebtedness previously owed to the named banks by the plaintiffs were paid by the plaintiffs, and that as a result of such payments the property acquired by the defendant was subject to those debts; and that such payments by plaintiffs resulted in a contractual or equitable lien upon the property involved. The defendant admitted by deposition that he took the property subject to the banks' indebtednesses. By the express terms of the contract the extent to which the property was subject to these debts and the rights of all bona fide creditors was "to the extent of the reasonable market value of said property".

After reviewing this record in the light of the well-settled rules of law, we are convinced the affidavits and depositions do raise material fact issues. The primary fact issue raised seems to be the market value of the property transferred to the defendant. Whether or not a contractual or equitable lien attached to the property depends upon the market value of such property. The affidavits and depositions of the parties give conflicting figures. This issue in turn cannot be answered in the absence of evidence as to what property was transferred to and received by the defendant. The record also reflects a wide discrepancy in this element of the case. The same conclusion can be reached in determining the amount of debts which were owed by Simmons at the time the contract was issued. In applying the well-settled rules of law governing summary judgments, we are of the opinion genuine material issues of fact

have been raised and such fact issues must be determined by a tryer of the facts.

The judgment of the trial court is therefore reversed and remanded for a hearing on the merits.