H. D. BAILEY, Appellant,

v.

Ben MILLER, Appellee.

No. 7402.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 19, 1964.

246

Phelan & Phelan, Levelland, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

CHAPMAN, Justice.

This is a summary judgment case. Appellant H. D. Bailey sued Ben Miller for damages to his automobile growing out of a collision between an automobile owned by Miller and driven by Buster Allen Smith and appellant's unattended automobile sitting on a used car lot.

Following appellee's motion for summary judgment, his accompanying affidavit and appellee's opposing affidavit, judgment was rendered summarily for appellee Miller. This appeal is from that judgment.

The motion and affidavit of appellee denied that Smith was his employee or agent, asserted that the car had been stolen, but admitted in the interrogatories propounded to him that the vehicle at the time was in the possession of Smith for the purpose of making repairs thereon. He contended that the mechanic was not permitted to drive it.

Plaintiff, appellant, alleged that on the evening of February 3, 1963, the hour not being alleged, appellee's 1954 Ford automobile being driven by Smith, acting in the course and scope of his employment for appellee, went out of control, jumped the curbing, and crashed into his 1962 Chevrolet parked on Merle's Used Car Lot in Denver City.

Mr. Miller's affidavit stated that on February 3, 1963, Buster Allen Smith "was doing some work for me on a commission basis repairing and tuning up some of my cars"; that he did not have permission to drive any of them and that he did not furnish one for the mechanic's use.

Appellant's opposing affidavit made by Merle Souter stated:

"On the 3rd day of February, 1963 I was driving along the streets of Den-

ver City, Yoakum County, Texas in the vicinity of Merle's Used Car Lot when I observed the following:

"1. A 1954 Ford automobile was in contact with a 1962 Chevrolet automobile upon the used car lot and there was damage to both vehicles.

"2. One Buster Allen Smith, also known as "One-Eye" and known to me personally was sitting under the steering wheel and at the controls of the 1954 Ford automobile. On numerous occasions prior to the 3rd day of February, 1963 I observed Buster Allen Smith driving automobiles known to me to belong to one Ben Miller.

"On numerous occasions prior to the 3rd day of February, 1963 I observed Buster Allen Smith repairing and subsequently driving automobiles belonging to one Ben Miller."

■ We believe the pleadings and opposing affidavit raised at least a ground of inference that the mechanic Smith while repairing and tuning up appellee's cars had the authority to try them out on the streets after repairing them and tuning them and that such summary judgment components involve the credibility of affiants and the weight of the showings.

■ In determining the motion we must accept as true all evidence of the party opposing the motion which tend to support such party's contention, and give him the benefit of every reasonable inference which properly can be drawn in favor of his position. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ If the motion involves the credibility of affiants or the weight of the showings, or a mere ground of inference the trial court is without authority to grant the mo-

tion. Gulbenkian v. Penn, supra; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93.

The question is raised by appellee to the effect that proof was not made concerning the driver of the Ford car when it collided with the Chevrolet. The fact that Smith had the car for repair, that it was seen in contact with the Chevrolet with Smith in the driver's seat under the steering wheel and at the controls constitutes circumstantial evidence that he was the driver when it collided with the Chevrolet.

It appears obvious from the record that had Smith been available he could have testified concerning his authority to drive the Miller automobile but he could not be located. The record shows counsel for appellant made application for subpoena for him and that it was issued.

There is no showing that it was ever served.

We believe the rules above announced by our Supreme Court in connection with summary judgment rule 166–A, Vernon's Ann. Tex. Rules of Civil Procedure, when applied to this record justifies appellant's contentions that he is entitled to a trial on the merits in order that the witnesses may be examined and cross examined and the credibility of affiants passed on by a fact-finding body if justice is to be done. Also, the parties should have an opportunity to question Buster Allen (One-Eye) Smith.

■ Even if it could be said that appellee is correct in his position that there are no fact issues, he would not be harmed if judgment were rendered against him, in view of his right to appeal from such judgment. F. & T. Development Co. v. Morris, Tex.Civ.App., 248 S.W.2d 233 (N.W.H.).

Accordingly, the judgment of the trial court is reversed and remanded for a trial on the merits.