**Paul WEGE, Jr., Appellant,**

v.

**J. T. HARRIS and Leon Wilhelm, Appellees.**

**No. 7741.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 23, 1967.

Ochsner, Nobles & Baughman, Harold W. Ochsner, Amarillo, for appellant.

Robinson & Fotheringham, Amarillo; Lair Williams & Cox, Canyon, for appellees.

DENTON, Chief Justice.

Summary judgment was rendered for the defendants below in plaintiff's suit for damages for the breach of an alleged express warranty arising out of a sale of 269 cows.

From the pleadings, affidavits, depositions and exhibits, it appears that between February 12 and March 1, 1965, appellant Paul Wege, Jr. purchased 269 cows from the appellees, J. T. Harris and Leon Wilhelm. Harris owned sixty of the cows jointly with Wilhelm and Wilhelm owned the balance of the herd individually. The appellant personally inspected the cattle near Amarillo twice before he decided to purchase them. On the third trip to Amarillo he purchased 184 cows and on the fourth trip he purchased the remaining 85. Wege, who dealt only with Wilhelm, testified he informed Wilhelm he was looking for young cattle to stock a ranch in eastern Oklahoma By deposition he testified Wilhelm represented the cows to be "six years

and under with a sprinkling of sevens". After the sale was consummated the cattle were transported to Wege's ranch in Oklahoma. He testified they "started going downhill, they started losing weight after they had been over there a while". An examination of the cattle some two months after the sale revealed approximately 60% or 70% of the cattle had no teeth. Appellant sold the cattle in early June, 1965 and sought the difference in the amount received from such sale and the purchase price. The appellees had purchased the cattle in three different places in New Mexico during the fall preceding the sale to appellant in February and March. Wilhelm testified he did not know the age of the cattle, however for the purposes of this appeal, appellee Wilhelm concedes the statement was made that the cows were "six years and under and a sprinkling of sevens". Appellant pleaded and asserts here the quoted statement was an express warranty by Wilhelm as to the age of the cows, and they were not suitable for the purposes for which they were purchased. No implied warranty was pleaded and none is asserted here.

In addition to the admitted statement quoted above, Wilhelm testified by deposition they were "running age cows". This phrase was not explained. All parties conceded the age of cattle was difficult to determine; that "you could tell a two from a five by just ordinary looking"; and that the age of cattle could not be determined with any degree of exactness unless they had been known from birth. Appellant was a rancher and an experienced cattleman and as indicated, he inspected the cattle involved on several occasions prior to the purchase. He had several cows "cut back" because of diseased eyes.

The alleged warranty as to age must be distinguished from warranty of soundness of the animals. There is no contention the cows were not sound in the sense of being diseased or deformed. From the record, we conclude, under the uncontradicted facts and circumstances, the statement attributed to Wilhelm can not be considered an express warranty. Whether or not there is a warranty depends upon the intention of the parties. Wood v. Ross (Tex.Civ.App.) 26 S.W. 148. Fulwiler Electric Co. v. Jinks McGee & Co. (Tex. Civ.App.) 211 S.W. 480. The statement under consideration is vague and indefinite. All agreed the age of cows is rather indefinite and difficult to determine, and there is no evidence from which we can speculate with any degree of certainty when cows generally lose their teeth. No attempt was made to show the ages of the cows involved. It was shown that some thirty of them had calves when the sale was consummated and according to appellant's own pleadings and deposition testimony, approximately 40% of them had teeth when they were checked two months after the sale. As an experienced cattleman, appellant knew cattle; he saw and inspected the cattle at least three times before making the purchases; and he admitted the difficulty in determining the age of cattle. Under this record, the representation by Wilhelm did not amount to an expressed warranty which would survive the delivery of the cattle to appellant. Easton v. Dozier (Tex.Civ. App.) 148 S.W. 603.

In reviewing this record in the light most favorable to appellant, we conclude there is no genuine issue of material fact to be determined. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. We are of the opinion the trial court correctly entered the summary judgment for the defendants below.

The judgment of the trial court is affirmed.