**C. L. MILBURN, Appellant,**

v.

**Joe H. YATES et al., Appellees.**

**No. 5944.**

Court of Civil Appeals of Texas.

El Paso.

June 26, 1968.

Rehearing Denied July 24, 1968.

cordingly corrected his June 29th order nunc pro tunc to so provide.

Lynch, Chappell, Allday & Hamilton, Gary G. Wisener, Midland, for appellant.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Turpin, Smith, Dyer, Hardie & Harman, Midland, Vinson, Elkins, Weems & Searls, Ben H. Rice, III, John B. Holstead, Houston, for appellees.

## OPINION

PRESLAR, Justice.

This is a summary judgment case in which C. L. Milburn, as plaintiff, sought specific performance of an option agreement against Joe H. Yates, Homer C. Fry and wife, Epsie Alberta Nicholas Fry, and, alternatively, damages against them, and damages against BBM Drilling Com-

pany for interference with his contractural rights. The motion for summary judgment of all defendants was granted. We are of the opinion that the judgment should be affirmed.

■ The Frys owned 70 acres of land in Ward County, Texas, and Yates owned a ⅓ life estate therein, and BBM was the holder of a lease for oil and gas on such land, the primary term of which was for five years ending August 29, 1965. In April of 1965 the Frys and Yates executed an agreement under which Milburn was given an option to lease the 70-acre tract, which option was good until September 30, 1965. The option agreement was made subject to the existing oil and gas lease by the following provision:

> "Party of the second part shall not be entitled to exercise this option while the existing oil, gas and mineral lease on the above-described property in favor of BBM Drilling Company is in force and effect, whether by virtue of drilling operations on said land or otherwise."

The BBM lease provided that if drillng operations were being carried on at the expiration of the primary term, the lease would remain in force, and if such operations resulted in the production of oil, the lease would remain in force so long thereafter as oil was produced. It is established without a question of fact that prior to the expiration of the primary term of the BBM oil and gas lease, BBM commenced, and continuously prosecuted, drilling operations on the land, which resulted in production of oil and which has since continued. Milburn's option being no good so long as the BBM lease was in force and effect, and that lease having been kept in force beyond the expiration date of the Milburn option, summary judgment would seem to be in order.

■ Other factors enter into the picture and must be considered. About the same time that BBM commenced drilling operations under its lease, it obtained another five-year lease from the Frys, dated

August 23, 1965. The option agreement which the Frys gave to Milburn bound them not to lease or do anything prejudicial to his interest during the term thereof, and appellant Milburn urges that this breach of contract raises a fact question as to possible damages. We see no such fact question, for the reason that the BBM lease remained in force, and he (Milburn) never had an opportunity to exercise his option, by its own terms. More precisely, his contingency never ripened into an option. It is also urged that BBM, by taking the new lease, interfered with Milburn's contractural rights. No fact question exists there, for the new lease to BBM specifically recognized the Milburn option agreement and stated that it was subject to it. It is appellant's position that the new lease of August 23, 1965 from the Frys to BBM superseded and terminated the old lease on that date, or, alternatively, on its expiration date of August 29th. This contention is 'foreclosed by the fact that the new lease never came into operation because of the continuation in effect of the old lease, in that the drilling operations which continued it in effect commenced on August 20th, prior to the new lease of August 23rd, and were continuous to production. Also, the intention of the parties is established and is not cast in doubt by any evidence conflicting with the express provisions of the new lease which, by its terms, provided that it was subject to the old lease and "shall" commence when the old lease expires if extended beyond its primary term.

This being a summary judgment case, we have determined from what is before us that there is no genuine issue of fact as to any material issue, and that, as a matter of law, the defendants, as the movants for summary judgment, are entitled to judgment when all inferences and reasonable doubts are resolved against them. Gulbenkian v. Penn (1953), 151 Tex. 412, 252 S.W.2d 929; Great American R. Ins. Co. v. San Antonio Pl. Sup. Co. (Tex.1965), 391 S.W.2d 41.

All points of error are overruled and the judgment of the trial court affirmed.