Randy Price **FRANKLIN**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY**, Appellee.

**No. 4418.**

Court of Civil Appeals of Texas, Eastland.

Nov. 13, 1970.

Rehearing Denied Jan. 22, 1971.

George T. Thomas, Big Spring, for appellant.

W. H. Eyssen, Jr., Big Spring, Bennie W. Bock, II, Asst. Atty. Gen., Austin, for appellee.

WALTER, Justice.

Appealed from the County Court of Howard County, Texas.

We copy the following statement from the appellee's brief which we find to be correct:

"This is a driver's license suspension case. Pursuant to authority of Article 6687b, Section 22(a), Vernon's [Annotated] Civil Statutes, the Texas Department of Public Safety (hereinafter called Department) caused Randy Price Franklin to appear before a justice of the peace of Howard County, Texas, for a hearing to determine whether or not Appellant was an habitual traffic violator within the meaning of Article 6687b, Section 22, Vernon's Civil Statutes.

Following an affirmative finding by the Justice of the Peace and Appellant's license should be suspended for a period of 6 months, Appellant appealed the affirmative finding and suspension to the County Court of Howard County, Texas, by authority of Article 6687b, Section 22(a) and 22(c), Vernon's Civil Statutes. In his petition of appeal, Appellant alleged that 'such affirmative finding, and the suspension based thereon, are both in law and in fact, illegal and erroneous, and should be set aside and held for naught, and licensee so prays.' By answer the Department alleged that Appellant was convicted of four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months for moving traffic violations, and that such fact authorized the issuance of the suspension order by the justice court; praying that Plaintiff have his operator's licenses suspended and surrender to the Department, and that 'such suspension continue for such period as set for in the order issued by the Texas Department of Public Safety on or about the 8th day of March, 1967,' plus judgment for costs. The Department filed an Amended Motion for Summary Judgment with affidavit of J. M. Luckie, deputy custodian of driver records of the Department, summarizing Appellant's driving record and convictions for moving traffic violations, the notices of conviction, order of suspension entered in the Justice Court, and affidavit of the Appellant's driving record current until March 9, 1967, signed by John H. Grant, deputy custodian of records for the Department. Prior to the Department's filing of its Amended Motion for Summary Judgment it filed a motion to remove and reattach certain exhibits and affidavits which had been previously filed in the case, and such motion was granted. The Department's

motion for summary judgment was heard on April 2, 1970, and the trial court authorized the Department to suspend the Appellant's license for a period of twelve months.

Appellant, by his attorney, filed a motion to the effect that the county attorney was not the proper party to represent the Department, but other than this motion, Appellant filed no controverting affidavits, and, insofar as the transcript shows, plead no other matter which controverted the Department's claim that the Appellant's license should be suspended for the reasons set out in their motions and answer.

Plaintiff failed to appear at the hearing set for consideration of the summary judgment to voice any objections, oral or written, which he might have raised at that point. Summary Judgment was entered reciting that the court was of the opinion that 'there is no genuine issue as to any material fact, and that the Defendant, Texas Department of Public Safety, who is the moving party, is entitled to a judgment as a matter of law. * * *' Appellant now appeals from the judgment of the County Court."

The appellant contends and we agree that since the length of suspension of an operator's license is not fixed by statute, except that it cannot exceed one year, the question concerning the duration of the suspension is a material question of fact. The court erred in deciding such fact issue in a summary judgment proceeding. In Gulbenkian et al. v. Penn., 151 Tex. 412, 252 S.W.2d 929 (1952), the court said: "The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits."

The judgment is reversed and the cause is *remanded.*