**Melvin NICHOLS d/b/a MNI Adhesive Products, Appellant,**

v.

**VANTAGE MANAGEMENT COMPANY, INC., Appellee.**

**No. 05–81–00736–CV.**

Court of Appeals of Texas, Dallas.

July 27, 1982.

Kenneth M. Stillman, Keith Jagmin, Stillman & Schwartz, Dallas, for appellant.

Robert H. Bliss, Cleveland Guy Clinton, Bliss & Hughes, Dallas, for appellee.

Before ROBERTSON, CARVER and WHITHAM, JJ.

WHITHAM, Justice.

The appellant, Melvin Nichols d/b/a MNI Adhesive Products, appeals from a summary judgment in favor of the appellee, Vantage Management Company, Inc., awarding Vantage damages for unpaid rentals, service charges, service escalators, tax escalators, utility charges, repairs and clean-up costs and attorney's fees under a written lease between the parties.

The issues presented involved the legal consequences that follow a conversation between the tenant, Nichols, and the landlord, Vantage, and the subsequent vacating of the premises by Nichols. Nichols' post-hearing summary judgment proof describes the conversation as follows:

In July, 1980, Melvin Nichols d/b/a MNI Adhesive Products made it known to Vantage Management Company, Inc., that it would like to vacate the premises rented pursuant to the aforesaid lease agreement. In that regard, the undersigned spoke with Mr. Steve Swann, who advised the undersigned that Vantage Management Company, Inc., would agree to Melvin Nichols d/b/a MNI Adhesive Products' abandonment of the leased premises, because Vantage Management Company, Inc., was aware of a prospective lessee that desired to rent the premises at a rental rate higher than that being paid by Melvin Nichols d/b/a MNI Adisive [sic] Products, pursuant to the aforesaid lease agreement. Subsequently, Steven Swann, as Vice President of and agent for Vantage Management

Company, Inc., orally released Melvin Nichols d/b/a MNI Adhesive Products from said lease agreement, effective as of the end of July, 1980.

Nichols contends those legal consequences to be defenses of oral release, surrender and estoppel to Vantage's lawsuit. We need not consider Nichols' alleged defense of oral release because Nichols concedes that on its face the oral release is unenforceable under the statute of frauds. Tex. Bus. & Com. Code Ann. § 23.01 (Vernon 1968 and Vernon Supp. 1982). Nichols urges, however, that he has raised and proven the factual issues of surrender and estoppel which preclude summary judgment. We disagree. Nichols' failed to plead and prove his affirmative defense of surrender and to prove his affirmative defense of estoppel. Consequently, we affirm.

■ Surrender is a defense which Nichols was required to affirmatively plead. Tex. R. Civ. P. 94. Nichols failed to plead surrender in his trial pleading before the court at the time of the hearing on the motion. We hold, therefore, that Nichols was not entitled to assert that defense in the trial court. Furthermore, Nichols placed no summary judgment proof of his defense of surrender before the trial court at the time of the hearing and the motion. We hold, therefore, that Nichols failed to prove the defense of surrender. We recognize that Nichols attempted to allege and prove the defense of surrender in his second amended answer and his first amended response to plaintiff's motion for summary judgment and accompanying affidavit. These documents, however, were filed *after* the hearing on Vantage's motion but *before* the trial court signed the judgment. Thus, Nichols did not have before the trial court at the crucial time—the time the motion was heard—a pleading containing his affirmative defense of surrender or any summary judgment proof of that defense. The adverse party, Nichols, was required not later than seven days prior to the day of hearing to file and serve opposing affidavits or other written response. Tex. R. Civ. P. 166–A. Nichols failed to do so. Moreover, the record fails to show that the trial court granted Nichols permission to file before judgment his second amended answer and his first amended response to plaintiff's motion for summary judgment and accompanying affidavit. Tex. R. Civ. P. 166–A. We conclude, therefore, that Nichols' asserted defense of surrender did not preclude summary judgment.

Next, we turn to Nichols' contention that the summary judgment proof raised the issue of fact as to whether Vantage is estopped to deny the oral release of the lease. Nichols raised such an estoppel as an affirmative defense in his trial pleading before the court at the time of the hearing on the motion. For the purpose of this opinion we assume, without deciding, that this defense would be applicable in a case such as this in which Nichols concedes that the oral release is unenforceable under the statute of frauds.

■ The party relying on the affirmative defense of estoppel must establish:

(a) a false representation or concealment of material facts;

(b) made with knowledge, actual or constructive, of the facts;

(c) to a party without knowledge or the means of knowledge of the real facts;

(d) with the intention that it should have been acted upon; and

(e) the party to whom it was made must have relied upon or acted upon it to his prejudice.

*Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). We hold that Nichols failed to establish the element of reliance in his summary judgment proof. In his brief, Nichols tells us that he did not state in his summary judgment proof "that appellant vacated the premises in reliance on appellee's representations." Nichols urges us, however, to infer the element of reliance. We decline to do so. Before an estoppel can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. *Gulbenkian v.*

*Penn, supra* at 932. Further, we do not agree that the element of reliance can be found in any admissions in the pleadings and summary judgment proof of Vantage. That Vantage admits that Nichols vacated the premises does not also admit that Nichols did so in reliance on any representation of Vantage. Accordingly, we hold that Nichols' summary judgment proof failed in establishing all of the elements of estoppel. Thus, an issue of fact as to whether Vantage is estopped to deny the oral release is not raised. We conclude, therefore, that Nichols' asserted defense of estoppel did not preclude summary judgment.

Affirmed.