**James R. GAMMILL and Debra Diane Gammill, Individually and as next friend of Curtis Gammill, a minor, and Jaime Michelle Gammill, a minor, Deceased, Appellants,**

v.

**JACK WILLIAMS CHEVROLET, INC. and American Isuzu Motors, Inc., Appellees.**

No. 2–93–094–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 15, 1994.

Rehearing Denied March 22, 1994.

Ordered Published April 15, 1994.

Sandra K. Houston, Fort Worth, for appellants.

James S. Maxwell, Christopher M. McCaffrey, Maxwell, Power & McCaffrey, P.C., Dallas, for appellees.

Before LATTIMORE, HICKS and FARRAR, JJ.

OPINION

LATTIMORE, Justice.

Appellants, James R. Gammill and Debra Diane Gammill, individually and as next friend of Curtis Gammill, a minor, and Jaime Michelle Gammill, a deceased minor (the "Gammills"), appeal from a summary judgment in favor of the defendants/appellees, Jack Williams Chevrolet, Inc. and American Isuzu Motors, Inc. ("appellees"), based on a failure to show a fact issue on the alleged defect in the Isuzu vehicle sold by Jack Williams Chevrolet. In three points of error, the Gammills assert that the trial court erred in: (1) granting appellee's motion for summary judgment; (2) denying the Gammill's motion for continuance on the summary judgment hearing; and (3) denying the motion for leave to file supplemental affidavits.

Because we find that there was sufficient summary judgment evidence presented by the Gammills to raise a material fact issue concerning the alleged defect in the vehicle, we reverse the summary judgment granted

by the trial court, and remand the cause for a full trial on the merits.

On July 5, 1988, Mrs. Gammill was driving her 1988 Isuzu when she lost control of the vehicle and it left the road. One of her children was killed, and Mrs. Gammill and her other child were injured. Mrs. Gammill claims that the accelerator stuck in the open position, causing her to loose control. She also claims the deceased child was wearing a seat belt, but the belt failed, causing the child's injuries to be more serious. Plaintiff's Original Petition was filed on March 23, 1990, with strict liability, breach of warranty and negligence causes of action. On January 29, 1992, the Gammills designated expert witnesses, and reports were filed on February 18, 1992. On August 18, 1992, defendants filed a motion for summary judgment; the hearing was set for September 21, 1992. On September 9, 1992, the Gammills' attorney withdrew, and the court granted a continuance to November 19, 1992 to allow new counsel to be secured. On October 22, 1992, the Gammills' new counsel made his appearance. On November 12, 1992, the Gammills filed affidavits in response to the summary judgment motion. The appellees' summary judgment proof consisted of expert affidavits stating that there was no defect in the vehicle. The Gammills' summary judgment affidavits stated "preliminary" findings of defects in the vehicle, and that the defects caused the complained-of injuries. The trial court granted the summary judgment for appellees, and the Gammills appealed.

In their first point of error, the Gammills assert that the trial court erred in granting appellees' motion for summary judgment, because the affidavits of expert witnesses submitted by the Gammills were sufficient to raise a material fact issue on defects in the subject vehicle. The appellees argue that the trial court correctly granted appellees' motion for summary judgment because they conclusively established the absence of a defect.

The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). *See also Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 46–47 (Tex.1965). In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American*, 391 S.W.2d at 47. Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972). Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proven all essential elements of his cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

Here, affidavits by experts were submitted as summary judgment proof by both the Gammills and appellees. The appellees' expert affidavits stated that there was no defect in the vehicle. The Gammills' affidavits stated that there were defects in the vehicle. Appellees argue that because the affidavits of Robert Bell and William Rosenbluth, on behalf of the Gammills, stated "preliminary" or "initial" conclusions, rather than "final" ones, the trial court properly disregarded the affidavits. Appellees cite *Jordan v. Geigy Pharmaceuticals*, 848 S.W.2d 176, 179–80 (Tex. App.—Fort Worth 1992, no writ), for the proposition that mere general statements and conclusory opinions by an expert are insufficient to controvert a movant's properly presented affidavit. Our review of the Gammills' summary judgment affidavits reveal

that these affidavits are more than general statements and conclusory opinions. The affidavits reveal that the experts had formed specific opinions based on extensive, but preliminary, testing and inspection, and that these opinions could be finalized only with additional testing. Appellees resisted efforts by the Gammills to have this additional testing performed. We hold that the affidavits of Robert Bell and William Rosenbluth were sufficient to raise a material fact issue precluding summary judgment. Point of error one is sustained.

Having sustained the Gammills' first point of error, we need not address points of error two and three.

The summary judgment of the trial court is reversed, and the cause remanded for a full trial on the merits.