**Aquiles OLGUIN, Jr., Appellant,**

v.

**METZGER DAIRIES, INC., Appellee.**

No. 05–93–00735–CV.

Court of Appeals of Texas, Dallas.

Aug. 3, 1994.

Rehearing Denied Sept. 20, 1994.

Paul D. Rich, Domingo A. Garcia, Dallas, for appellant.

Jack B. Cowely, Allen, Kent F. Brooks, Dallas, for appellee.

Before KINKEADE, ROSENBERG, and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Aquiles Olguin, Jr. appeals the granting of two motions for summary judgment in favor of Metzger Dairies, Inc. in this negligence case.

Olguin worked at a "Mr. M" convenience store owned by Metzger. During a robbery at the store, Olguin was shot and sustained serious injuries. Olguin sued Metzger for negligence, alleging that Metzger had the duty to (1) properly train him, (2) warn and prepare him for the hazards of his work, (3) take precautions to eliminate crime from the store, and (4) provide a reasonably safe workplace. Olguin claimed that Metzger breached these duties and that the breach of these duties proximately caused his injuries.

Metzger filed two motions for summary judgment on the element of proximate cause. Olguin filed a controverting affidavit in response to each motion. The trial court granted both motions on the element of proximate cause.

In Olguin's first and third points of error, he contends that material fact issues exist to preclude summary judgment. Metzger contends that the trial court did not err in granting summary judgment because none of the acts or omissions alleged was the proximate cause of Olguin's injuries.

The standard of review in a summary judgment case is well established. *See* TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). When an appellant claims material fact issues exist precluding summary judgment, we must simply review the summary judgment evidence to determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact.

We have reviewed the summary judgment evidence in light of the applicable standard of review and conclude that summary judgment was not proper as a matter of law because Olguin's controverting affidavits raise material fact issues on the element of proximate cause. We, therefore, sustain Olguin's first and third points of error and do not address Olguin's remaining points of error.

We reverse the trial court's judgment and remand the cause for further proceedings.