Opinion issued June 27, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00607-CV

____________


L.S. DECKER INVESTMENTS, INC., Appellant


V.


STAUBACH-HOUSTON, INC., Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 1999-57887






O P I N I O N The sole issue in this appeal is the trial court's refusal of defensive issues in the
charge. We affirm.

 Appellee Staubach-Houston, Inc. sued appellant L.S. Decker Investments, Inc.
for breach of contract. Decker, a lessor of commercial office space, contracted to pay
a commission to Staubach for its work as the agent for Decker's tenants in future real
estate negotiations. The contract provided that Staubach would be paid a commission
if a tenant renewed its lease on terms other than those set forth in the renewal-option
clause in the original lease.

 Decker refused to pay Staubach a commission related to a lease renewal,
claiming that the tenant merely exercised the renewal-option clause in the original
lease. Staubach sued, claiming the renewal was based on new terms. The jury agreed
with Staubach, and the parties stipulated to $59,791.39 in actual damages.

 Decker submitted a broad-form defensive issue asking if its failure to comply
was excused and instructing the jury on the theories of waiver and equitable estoppel. 
The trial court refused the issue. On appeal, Decker contends the refusal to submit
the waiver theory was error. Staubach claims Decker's broad-form issue was
properly refused by the trial court because there was legally insufficient evidence to
support the equitable-estoppel theory included in the issue. We agree with Staubach.

 The trial court shall submit the questions, instructions, and definitions that are
raised by the written pleadings and the evidence. Tex. R. Civ. P. 278; e.g., Triplex
Communications, Inc. v. Riley, 900 S.W.2d 716, 718 (Tex. 1995). In its reply brief,
Decker recognizes there must be legally sufficient evidence of the equitable-estoppel
theory as well as the waiver theory in order to prevail on appeal that the trial court
erred in refusing the broad-form defensive issue.

 The first element of Decker's equitable-estoppel theory is that Staubach "by
words or conduct made a false representation or concealed material facts." See
Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury
Charges: Business Consumer Insurance Employment PJC 104.24 (2000)
(derived from Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952)). Decker directs
this Court to two places in the record to support the submission of this element. First,
Decker's attorney cross-examined Mike Boehler, Staubach's executive vice-president, as follows:

 Q. Mr. Boehler, isn't it true -- Mr. Boehler, isn't it true that in
1999 commencing with the first letter that you wrote to Mr. Decker on
February 19th, Plaintiff's Exhibit 11, until you invoiced Mr. Decker on
July 1st, 1999, after the lease amendment was signed, you never told Mr.
Decker at any time that he would owe you a commission in connection
with the tenant's renewal of the lease?

 A. That's correct.

Second, John Decker testified as follows in response to a question from his attorney:

 Q. . . . Do you believe it was important for you to know during
your lease negotiations with [the tenant] whether the Staubach Company
was going to claim a commission owed in this transaction?

 A. If he was going to represent to me that the tenant was
exercising their renewal option but he was also expecting to be paid a
commission, then he had an obligation to tell me that and he didn't tell
me anything like that.

 Q. He didn't tell you anything about the commission, did he?

 A. No.

 Q. When's the first time you received any notice from the
Staubach Company that you owed them a commission?

 A. I think it was January -- July the 1st.

 . . . .

 Q. And that was a week after your company and [the tenant]
signed the lease agreement; is that correct?

 A. Yes.

 We hold this evidence is not legally sufficient to show that Staubach "by words
or conduct made a false representation or concealed material facts." These two record
excerpts are not "some evidence" of a false representation. Furthermore, they are not
evidence that Staubach concealed a material fact, because the contract provided that
Staubach was entitled to a commission if a tenant renewed its lease on terms other
than those set forth in the renewal-option clause in the original lease. Decker does
not cite any authority for the proposition that a party's mere "failure" to affirmatively
announce that it will exercise a known contract right is some evidence the party is
concealing a material fact. We know of no such authority.

 Because we hold there is legally insufficient evidence to support the
submission of Decker's equitable-estoppel theory, we conclude the trial court did not
err in refusing Decker's defensive issue. We overrule Decker's sole issue.


 We affirm the trial court's judgment.



Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.4