Resha Ellis **TIMBERLAKE**, Appellant,

v.

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**, Appellee.

No. 05–06–00224–CV.

Court of Appeals of Texas, Dallas.

July 9, 2007.

Rehearing Overruled Sept. 13, 2007.

Robert W. Loree, Loree, Hernandez & Lipscomb, PLLC, Christopher Dean Below, San Antonio, for Appellant.

Dennis Conder, Stacy & Conder, LLP, Pamela J. Touchstone, Calhoun & Stacy, PLLC, Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal, Resha Ellis Timberlake contends the trial court erred in granting summary judgment in favor of Metropolitan Lloyds Insurance Company of Texas and declaring that the company fulfilled its contractual obligations under a homeowner's policy. We conclude Metropolitan failed to show its entitlement to summary judgment as a matter of law. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

### I.

This is the second of two suits involving a claim made by Timberlake for coverage under her homeowner's policy issued by Metropolitan. Timberlake requested coverage under the policy for damage to her home allegedly caused by water leaks. Pursuant to a court order in the first suit, Timberlake and Metropolitan engaged in the appraisal process as outlined in the policy. An appraisal award was issued stating the replacement cost and the actual cash value of (1) remediation of the dwelling, (2) dwelling reconstruction, (3) packing, cleaning, and storing the contents, (4) replacing the contents, and (5) additional living expenses. The cause of the loss stated on the appraisal award was "water damage."

Metropolitan paid the portions of the award for dwelling reconstruction and replacing the contents. Metropolitan refused to pay the remaining amounts, however, contending those damages were caused by mold and, as such, were not covered under the policy. Metropolitan then brought this suit seeking a declaratory judgment that it was not obligated to pay for the damages to Timberlake's property caused by mold and that it had fulfilled its obligations to pay the appraisal award.

Metropolitan moved for summary judgment arguing that the damages for remediation of the dwelling, packing, cleaning, and storing the contents, and additional living expenses were caused by mold and, as a matter of law, damages caused by mold were excluded from coverage under the policy. Metropolitan submitted the affidavit of one of its adjusters as summary judgment evidence. In that affidavit, the adjuster stated that the damages at issue were caused by mold. Metropolitan also submitted the appraisal award as part of its summary judgment proof. The trial court granted Metropolitan's motion for summary judgment. Timberlake brought this appeal.

### II.

In her third issue on appeal, Timberlake contends the trial court erred in granting summary judgment in favor of Metropolitan because Metropolitan failed to conclusively establish it was entitled to judgment as a matter of law. The standard of review for a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). Metropolitan had the burden to demonstrate that no genuine issues of material fact existed. *See id.* at 548–49. The function of a summary judgment is

not to deprive a litigant of her right to a full hearing on the merits of a real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 415–16, 252 S.W.2d 929, 931 (Tex.1952).

In this case, Metropolitan's entitlement to summary judgment hinged, in large part, on the damages at issue being caused by mold. Although Metropolitan submitted an affidavit stating the damages were caused by mold, it also submitted the appraisal award stating that Timberlake's losses were caused by "water damage." Metropolitan argues that appraisal awards do not determine coverage. *See Wells v. American States Preferred Ins. Co.,* 919 S.W.2d 679, 683 (Tex.App.-Dallas 1996, writ denied). While it is true that appraisal awards are not binding on the issues of causation or coverage, the appraiser's opinion with respect to the cause of the loss is sufficient to create a material fact issue in this case.

Because the summary judgment evidence creates a genuine issue of material fact, we conclude the trial court erred in granting summary judgment in favor of Metropolitan. We reverse the trial court's judgment and remand the cause for further proceedings.