Michael GREEN and Aljean Green, Individually and as Representatives of the Estate of Jason Green, Appellants,

v.

Kerry MORRIS, Appellee.

No. 10–99–303–CV.

Court of Appeals of Texas, Waco.

March 21, 2001.

Randel C. Shaffer, Rosenthal, Reynolds, Mateer & Shaffer, P.C., Dallas, for appellant.

Carlos A. Balido, Gregory R. Ave, Dawn C. Woelfel, Touchstone, Bernays, Johnston, Beall & Smith, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### OPINION

GRAY, Justice.

What is a mistake? Can you presently have a mistaken belief about future events? What ever the answers to these questions may be in philosophy, the answer takes on a dollar and cents value in the law. The law tells us that a mistaken belief about future events is not the type of mistake that will allow someone to avoid a contract.

### BACKGROUND

Jason Green was injured when he fell off the trunk of a car driven by his friend, Kerry Morris. Two days later, Jason died.

He had incurred hospital bills of approximately $60,000.

Jason's parents, Michael and Aljean Green, acting individually and as the representatives of Jason's estate, sued Morris. Morris had liability insurance of $100,000. Ultimately, the Greens unconditionally offered to settle the litigation within policy limits. In the language of the insurance industry, they made a *"Stowers*[1] demand" on Morris. It was accepted within the time provided.

After acceptance of the *Stowers* demand, and prior to the signing of the settlement documents, the hospital that treated Jason, Baylor University Medical Center, filed a hospital lien with the Dallas County Clerk as required to perfect a security interest in the proceeds of the settlement pursuant to the property code. *See* TEX. PROP.CODE § 55.001 *et seq.* Settlement documents and a check were tendered to the Greens. The Greens refused to sign the release, asserting that because Baylor had filed a hospital lien, a mutual or unilateral mistake had been made that would allow them to avoid the contract.

Morris filed a counter-claim, asserting breach of the settlement agreement. He also filed a motion for summary judgment. The Greens responded to the motion, presenting summary judgment evidence that they would not have made the *Stowers* demand if at that time Baylor had already filed a hospital lien. Their summary judgment evidence also establishes that if they had known that Baylor would file a hospital lien, they would not have made the *Stowers* demand.

The trial court granted the summary judgment, ordering specific performance of the settlement agreement. The Greens

bring this appeal asserting in two issues that either a mutual or unilateral mistake made the contract voidable. Because we find that the Greens did not present some evidence of each element of a mutual or unilateral mistake, we affirm the trial court's judgment.

## MUTUAL MISTAKE

■ The Greens contend in their first issue that the trial court erred in awarding summary judgment to Morris because they presented some evidence on each element of their defense of mutual mistake. An agreement may be avoided where the parties contracted under a misconception or mistake of a material fact. *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex.1990). Where a mutual mistake exists, the parties are entitled to rescind their contract and be restored to positions held before entering the contract. *Leonard v. Eskew,* 731 S.W.2d 124, 131 (Tex.App.—Austin 1987, writ ref'd n.r.e.). To avoid the contract, however, the parties must have acted under the same misunderstanding of the same material fact. *Lacy v. Ticor Title Ins. Co.,* 794 S.W.2d 781, 784 (Tex.App.—Dallas 1990), *writ denied per curiam,* 803 S.W.2d 265 (Tex.1991).

■ At a trial on the merits, the party seeking to avoid the contract has the burden of proof to show a mutual mistake. *de Monet v. PERA,* 877 S.W.2d 352, 357 (Tex.App.—Dallas 1994, no writ). To avoid summary judgment, the party relying on mutual mistake as an affirmative defense must present some evidence of each element of a mutual mistake. The elements of mutual mistake are:

(1) a mistake of fact,

(2) held mutually by the parties,

**1.** *G.A. Stowers Furniture Co. v. American Indemnity Co.,* 15 S.W.2d 544, 547 (Tex.

Comm'n App.1929) (holding approved).

(3) which materially affects the agreed-upon exchange.

*de Monet,* 877 S.W.2d at 357 (citing RE-STATEMENT (SECOND) OF CONTRACTS § 152 (1981)).

■ When mutual mistake is alleged, the task of the court is not to interpret the language contained in the contract, but to determine whether the contract itself is valid. *See Williams,* 789 S.W.2d at 264–65. The parol evidence rule does not bar extrinsic proof of mutual mistake. *Santos v. Mid-Continent Refrigerator Co.,* 471 S.W.2d 568, 569 (Tex.1971). If it can be established that a contract sets out a bargain that was never made, it will be invalidated. *Williams,* 789 S.W.2d at 265.

## UNILATERAL MISTAKE

■ The Greens contend in their second issue that the trial court erred in awarding summary judgment to Morris because they presented some evidence on each element of their defense of unilateral mistake. Most of the cases and legal writers affirm the proposition that equitable relief will be granted against a unilateral mistake when the conditions of remediable mistake are present. These conditions generally are:

(1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable;

(2) the mistake relates to a material feature of the contract;

(3) the mistake must have been made regardless of the exercise of ordinary care; and

(4) the parties can be placed in status quo in the equity sense; in essence, rescission must not result in prejudice to the other party except for the loss of his bargain.

*James T. Taylor & Son, Inc. v. Arlington Independent School Dist.,* 160 Tex. 617,

335 S.W.2d 371, 373 (1960). There may be other circumstances, not relevant here, which will govern or influence the extension of relief, such as the acts and extent of knowledge of the parties. *Id.*

## MISTAKES ABOUT FUTURE EVENTS

■ The following discussion of mistakes about events that may occur in the future applies equally to mutual and unilateral mistakes.

[A]n error in predicting a future fact known to be uncertain is not the kind of mistake which will relieve a party from a contract.

` The Restatement of Contracts says:

" 'Where the parties know that there is doubt in regard to a certain matter and contract on that assumption, the contract is not rendered voidable because one is disappointed in the hope that the facts accord with his wishes.' " Restatement of Contracts, s 502, comment f (1932).

Many authorities, in dealing with mistake, draw a distinction between mistakes concerning "past or present facts" and those concerning factual occurrences in the future. For example, in dealing with a mistake of fact, the Restatement of Restitution sets out a definition of "facts." It says that "Facts include the existence or non-existence, in the present or in the past, of persons or tangible things, their condition or location in space, states of mind, relations of things and persons, and the happening of events." Section 6, comment a (1937). *City of Austin v. Cotten,* 509 S.W.2d 554, 557 (Tex.1974) (internal case citations omitted).

## SUMMARY JUDGMENT BURDENS AT TRIAL

■ The summary judgment movant bears the burden to prove that no

genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 425 (Tex.App.—Waco 1997, writ denied). To defeat a motion for summary judgment after the movant has established entitlement to judgment as a matter of law, the non-movant must present evidence creating a fact issue on at least one element of each of the movant's causes of action. *See City of Houston v. Clear Creek Basin Auth.* 589 S.W.2d 671, 678 (Tex.1979). To defeat a motion for summary judgment, a non-movant relying on an affirmative defense must present summary judgment proof sufficient to raise a fact issue on each element of the affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Mere pleading of the defense is not sufficient to withstand a properly evidenced motion for summary judgment. *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974).

## STANDARD OF REVIEW ON APPEAL

When determining whether a material fact issue exists, we must accept as true all evidence favorable to the non-movant. *Nixon*, 690 S.W.2d at 548–49; *Delta Air Lines, Inc.*, 949 S.W.2d at 425. Also, we must resolve all doubts and indulge every reasonable inference in favor of the non-movant. *Nixon*, 690 S.W.2d at 549; *Delta Air Lines, Inc.*, 949 S.W.2d at 425. The purpose of a summary judgment proceeding is to determine if there are any questions of fact to be tried, not to try the cause by weighing the evidence or determining its credibility or to try the cause by affidavit or by deposition. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Walls v. First State Bank of Miami*, 900 S.W.2d 117, 123 (Tex. App.—Amarillo 1995, writ denied). Summary judgment is not intended to deprive the litigants of their right to a full hearing on the merits of any real fact issue. *Kim v. State Farm Mut. Auto. Ins. Co.*, 966 S.W.2d 776, 778 (Tex.App.—Dallas 1998, no pet.).

## THE SUMMARY JUDGMENT FACTS

The Greens have characterized the summary judgment evidence as follows:

1) First, at the time of both the *Stowers* demand and its subsequent acceptance, no hospital lien was on file for any services rendered to Jason by Baylor.

2) Second, there is no dispute that Baylor could have secured its claimed lien by simply filing its written notice with the county clerk, thus attaching the lien to the proceeds of a settlement by an injured individual arising from an injury for which the person was hospitalized.

3) Third, it is undisputed that the Greens were keenly aware of Baylor's omission at both the time of their *Stowers* demand and its purported acceptance.

4) Fourth, it is also undisputed that the Greens would not have made the *Stowers* demand had written notice of a lien previously been on file.

5) Fifth, and finally, it is undisputed that the Greens, at no time prior to the *Stowers* demand, contemplated, or expected, to pay Baylor any share of the settlement proceeds.

Appellant's brief pages 7–8.

The Greens knew that all Baylor had to do to perfect their lien interest in the settlement proceeds was to file the lien with the Dallas County Clerk. The Greens also knew that to make a valid *Stowers* demand, the demand must be an unconditional offer to settle the dispute within the policy limits; in essence, the

*Stowers* demand could not be made contingent upon whether or not Baylor filed a hospital lien before the settlement proceeds were paid. The Greens chose to make a *Stowers* demand which was accepted by Morris.

## APPLICATION

However it is characterized, the Greens had made no mistake about the facts at the time that the *Stowers* demand was made nor at the time that it was accepted by Morris. The Greens' only argument is that because Baylor filed a hospital lien after the settlement offer was accepted, thereby attaching a lien to roughly sixty percent of the settlement proceeds, the Greens should be allowed to avoid the settlement agreement. From the Greens' viewpoint, subsequent events have made their settlement less favorable than they had hoped. This is, at most, a mistake about future events. It is not a mistake of existing fact. It is not the type mistake that will allow a party to avoid a contract as a mutual or unilateral mistake. The two issues are overruled.

## CONCLUSION

Having overruled both issues the Greens present on appeal, the judgment of the trial court is affirmed.