TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00700-CV






Melanie Stanford, Appellant



v.



Travis Star Corporation, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-13727, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Melanie Stanford appeals from the district court's grant of a summary judgment in
favor of Travis Star Corporation in its conversion action against her. We will reverse the judgment
and remand for further proceedings.

 Stanford was employed with Travis Star Corporation from December 1995 to
November 1996. Travis Star operated a mobile-home park. Charles Mac Spellman, Jr., Travis
Star's president, claimed that Stanford forged checks, and either deposited them into her personal
bank account or cashed them. In December 1996 Travis Star sued Stanford for conversion. (1) 
Stanford responded to the motion for summary judgment claiming that Spellman instructed her to
deposit checks into her personal account and pay company expenses from that account; allegedly as
an attempt by Spellman to defraud his creditors. Each side offered documentary evidence as well
as affidavits in support of the motion for summary judgment and response.

 Summary judgment is properly granted only when the movant establishes that there
are no genuine issues of material fact to be decided and that the movant is entitled to judgment as
a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing
the grant of a summary judgment, we view the evidence in the light most favorable to the non-movant and make every reasonable inference and resolve all doubts in favor of the nonmovant. Id. 
The purpose of summary judgment is to determine if there are any questions of fact to be tried, not
to try the cause by weighing the evidence or determining its credibility or to try the cause by affidavit
or deposition. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952); Green v. Morris, 43 S.W.3d
604, 608 (Waco 2001, no pet.).

 When a plaintiff moves for summary judgment on its own cause of action, the
plaintiff must prove it is entitled to summary judgment by establishing each element of its claim as
a matter of law. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Accordingly, Travis Star as
movant had the burden to establish each element of its cause for conversion. Conversion is the
unauthorized and wrongful assumption and exercise of control over the personal property of another,
to the exclusion of, or inconsistent with, the other person's rights. Waisath v. Lack's Stores, Inc.,
474 S.W.2d 444, 446 (Tex. 1971); Pierson v. GFH Fin. Servs. Corp., 829 S.W.2d 311, 314 (Tex.
App.--Austin 1992, no writ). Stanford does not dispute that she exercised control over the checks
at issue; the dispute is whether that control was unauthorized and inconsistent with Travis Star's
rights. As a preliminary matter, we must determine the value of the summary-judgment evidence
other than the affidavits introduced in support of the motion for summary judgment and response.

 Other than Spellman's affidavit, Travis Star's summary-judgment evidence consisted
of a list of nineteen checks, with their total amount listed as $48,186.83. (2) Individual exhibits
showing copies of the listed nineteen checks, as well as other checks deposited in Stanford's account,
were offered. Among these checks are Travis Star checks payable to Stanford and signed by Delma
Davila, Travis Star's bookkeeper. Travis Star never explicitly explains or traces what these
individual exhibits are supposed to show other than, in its brief on appeal, asserting that the copies
show where each check was deposited or cashed. However, Stanford does not dispute that the
checks were deposited in her account or cashed--the disputed element of conversion is whether her
actions were wrongful. No explanation is offered as to how a copy of a check payable to Stanford
and signed by the business's bookkeeper that was deposited in Stanford's account shows Stanford
converted the check, other than by Spellman's affidavit so stating. The evidence did not include any
testimony, by affidavit or deposition, explicitly showing any signatures were forged by Stanford.

 Stanford's affidavit in support of her response swears that she was depositing the
checks at Spellman's instruction and paid business expenses from her personal account. Stanford
also submitted an affidavit from Davila, the bookkeeper. Davila had first supported Spellman in his
forgery allegations against Stanford, then later changed her mind and supported Stanford. (3) 
Stanford's summary judgment evidence, such as receipts for certain amounts paid, suffers problems
similar to Travis Star's. We need not discuss these problems in detail, however. Applying the
general principles governing summary judgment, reviewing the evidence in the light most favorable
to the nonmovant and without making credibility judgments or weighing the evidence, Travis Star
has not demonstrated it is entitled to judgment as a matter of law. See Nixon, 690 S.W.2d at 548-49.

 Concluding that a genuine issue of material fact exists, we reverse the district-court 
judgment and remand the cause for further proceedings.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: October 4, 2001

Do Not Publish
1.    At its inception, this suit involved Charles Mac Spellman, Jr., Melissa Spellman, Travis
Star Corporation, Melanie Stanford, Frederick Stanford, and Norwest Bank. Travis Star's summary
judgment against Stanford was severed and is the subject of this appeal.
2.    In one part of his affidavit in support of the motion for summary judgment, Spellman
claimed that Stanford converted at least $48,186.83 (the amount of the checks); in another part he
asked for $45,606.32 in damages. Judgment was for the $45,606.32 amount.
3.    The appendix to Stanford's reply brief contains a copy of Spellman's plea of no contest
to "securing execution of document by deception." Travis Star filed a motion to strike that
document. Because of our disposition of the cause, we dismiss the motion to strike.