# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00700-CV

---

**Melanie Stanford, Appellant**

**v.**

**Travis Star Corporation, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. 98-13727, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

---

Melanie Stanford appeals from the district court's grant of a summary judgment in favor of Travis Star Corporation in its conversion action against her. We will reverse the judgment and remand for further proceedings.

Stanford was employed with Travis Star Corporation from December 1995 to November 1996. Travis Star operated a mobile-home park. Charles Mac Spellman, Jr., Travis Star's president, claimed that Stanford forged checks, and either deposited them into her personal bank account or cashed them. In December 1996 Travis Star sued Stanford for conversion.[1] Stanford responded to the motion for summary judgment claiming that Spellman instructed her to deposit checks into her personal account and pay company expenses from that account; allegedly as an

---

[1]    At its inception, this suit involved Charles Mac Spellman, Jr., Melissa Spellman, Travis Star Corporation, Melanie Stanford, Frederick Stanford, and Norwest Bank. Travis Star's summary judgment against Stanford was severed and is the subject of this appeal.

attempt by Spellman to defraud his creditors. Each side offered documentary evidence as well as affidavits in support of the motion for summary judgment and response.

Summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact to be decided and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing the grant of a summary judgment, we view the evidence in the light most favorable to the non-movant and make every reasonable inference and resolve all doubts in favor of the nonmovant. *Id.* The purpose of summary judgment is to determine if there are any questions of fact to be tried, not to try the cause by weighing the evidence or determining its credibility or to try the cause by affidavit or deposition. *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952); *Green v. Morris*, 43 S.W.3d 604, 608 (Waco 2001, no pet.).

When a plaintiff moves for summary judgment on its own cause of action, the plaintiff must prove it is entitled to summary judgment by establishing each element of its claim as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Accordingly, Travis Star as movant had the burden to establish each element of its cause for conversion. Conversion is the unauthorized and wrongful assumption and exercise of control over the personal property of another, to the exclusion of, or inconsistent with, the other person's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971); *Pierson v. GFH Fin. Servs. Corp.*, 829 S.W.2d 311, 314 (Tex. App.—Austin 1992, no writ). Stanford does not dispute that she exercised control over the checks at issue; the dispute is whether that control was unauthorized and inconsistent with Travis Star's rights. As a preliminary matter, we must determine the value of the summary-judgment evidence other than the affidavits introduced in support of the motion for summary judgment and response.

2

Other than Spellman's affidavit, Travis Star's summary-judgment evidence consisted of a list of nineteen checks, with their total amount listed as $48,186.83.[2] Individual exhibits showing copies of the listed nineteen checks, as well as other checks deposited in Stanford's account, were offered. Among these checks are Travis Star checks payable to Stanford and signed by Delma Davila, Travis Star's bookkeeper. Travis Star never explicitly explains or traces what these individual exhibits are supposed to show other than, in its brief on appeal, asserting that the copies show *where* each check was deposited or cashed. However, Stanford does not dispute that the checks were deposited in her account or cashed—the disputed element of conversion is whether her actions were wrongful. No explanation is offered as to how a copy of a check payable to Stanford and signed by the business's bookkeeper that was deposited in Stanford's account shows Stanford converted the check, other than by Spellman's affidavit so stating. The evidence did not include any testimony, by affidavit or deposition, explicitly showing any signatures were forged by Stanford.

Stanford's affidavit in support of her response swears that she was depositing the checks at Spellman's instruction and paid business expenses from her personal account. Stanford also submitted an affidavit from Davila, the bookkeeper. Davila had first supported Spellman in his forgery allegations against Stanford, then later changed her mind and supported Stanford.[3] Stanford's summary judgment evidence, such as receipts for certain amounts paid, suffers problems similar to Travis Star's. We need not discuss these problems in detail, however. Applying the general

---

[2] In one part of his affidavit in support of the motion for summary judgment, Spellman claimed that Stanford converted at least $48,186.83 (the amount of the checks); in another part he asked for $45,606.32 in damages. Judgment was for the $45,606.32 amount.

[3] The appendix to Stanford's reply brief contains a copy of Spellman's plea of no contest to "securing execution of document by deception." Travis Star filed a motion to strike that document. Because of our disposition of the cause, we dismiss the motion to strike.

principles governing summary judgment, reviewing the evidence in the light most favorable to the nonmovant and without making credibility judgments or weighing the evidence, Travis Star has not demonstrated it is entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548-49.

Concluding that a genuine issue of material fact exists, we reverse the district-court judgment and remand the cause for further proceedings.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed:   October 4, 2001

Do Not Publish