lem, kgm, ggm. wmm, sem, and asm children
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-320-CV

IN THE INTEREST OF
L.E.M., K.G.M., G.G.M., W.M.M., S.E.M., AND A.S.M.,
CHILDREN

 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 37,302A-CCL2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â 
Â Â Â Â Â Â Kimberly Everett-George perfected an appeal from an adverse judgment in a proceeding to
modify and enforce a prior child custody and/or child support order.


 She has now filed a motion
to dismiss her appeal.
Â Â Â Â Â Â Rule of Appellate Procedure 42.1(a)(1) provides:
(a) The appellate court may dispose of an appeal as follows:
(1) On Motion of Appellant. In accordance with a motion of appellant, the
court may dismiss the appeal or affirm the appealed judgment or order unless
such disposition would prevent a party from seeking relief to which it would
otherwise be entitled. 
Tex. R. App. P. 42.1(a)(1).
Â Â Â Â Â Â Everett-Georgeâs dismissal motion satisfies the requirements of the appellate rules. Appellee
has not filed a response. Accordingly, we dismiss the appeal with costs to be taxed against
Everett-George. See id. 42.1(d).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Judge Strother (Sitting by Assignment)



Appeal dismissed
Opinion delivered and filed December 10, 2003
[CV06] 



s property interest
under Article I, Â§ 17 of the Constitution of the State of Texas.ÂÂ  After stating
the juryÂs findings, the judgment addresses the CityÂs ripeness argument, finds
in favor of the City, and dismisses the case without prejudice for lack of
jurisdiction.

Â  Â We determined that the trial court erred in finding
the claims not to be ripe, then we assessed whether or not Trail was entitled
to judgment on the juryÂs verdict.Â  We determined that it was.Â  Typically, when
an order granting a summary judgment is reversed on appeal, the case is
remanded for a trial.Â  Here, the trial has occurred.Â  We overrule ground three.

Â Â Â Â Â Â Â Â Â Â Â  Ground four asserts that a remand is
necessary for additional proceedings in the trial court, i.e., a final
determination by the trial court on the issue of a taking and post-trial
remedies available to the City.Â  Trail again responds that the trial courtÂs
judgment recites that it had found that the ordinance Âresulted in an inverse
condemnationÂ of TrailÂs interests.Â  Further, it says that all of the CityÂs
post-trial remedies were available.

Â Â Â Â Â Â Â Â Â Â Â  We believe that the CityÂs post-trial
motion reasserting the ripeness question, described above, should be treated the
same as a motion for judgment notwithstanding the verdict.Â  Appellate Rule
38.2(b) requires that an appellee faced with an appeal from the grant of a
motion for judgment n.o.v. Âbring forward by cross-point any issue or point
that would have vitiated the verdict or that would have prevented an affirmance
of the judgment if the trial court had rendered judgment on the verdict.ÂÂ  Tex. R. App. P.Â  38.2(b).Â  Failure to
bring such a cross-point Âwaives that complaint.ÂÂ  Id. Â The City has
waived its complaints about the verdict.Â  We overrule ground four.

TRAILÂS MOTION

Â Â Â Â Â Â Â Â Â Â Â  In arguing its first issue concerning
title, Trail reviews the language of the Final Judgment, the history of the
litigation, the pleadings of the parties, and the trial courtÂs determination
of an inverse condemnation to conclude that only the right of reasonable access
was inversely condemned by the City.Â  Trail further points out that the City
has never contended that it should be awarded fee simple title to all of
TrailÂs oil and gas interests.Â  The City urges that a judgment that does not
grant title to the City will result in a ÂwindfallÂ to Trail because it may
well be able to further develop its mineral interests in the future.Â  The City
further points to the fact that Trail told the trial court that the City had
Âeffectively tak[en]Â the mineral estates and sought compensation because the
mineral rights had been Ârendered valueless.Â

Â Â Â Â Â Â Â Â Â Â Â  The parties remain poles apart on this
issue.Â  Neither has suggested alternate language to that used in our judgment.Â 
Thus, our question is: what interest, if any, should be awarded to the City as
a result of the payment of damages awarded in this inverse condemnation suit?[4]

The Texas Constitution prohibits three distinct
types of "takings" without adequate compensation:Â  (1) taking, (2)
damaging, and (3) destroying property.Â  City of Dallas v. Jennings, 142
S.W.3d 310, 313 n.2 (Tex. 2004).Â  In Hallco, the Supreme Court observed:

A regulation that deprives a property owner of all
economically beneficial or productive use of the property "makes the
regulation categorically a taking."Â  [Citation omitted.]Â  Lesser
interferences, however, may also result in a taking.Â  These types of regulatory
actions require an "essentially ad hoc, factual inquir[y]...."

Â 

Hallco Texas, Inc. v. McMullen County, 221 S.W.3d 50, 56 (Tex. 2007) (quoting Penn
Cent. Transp. Co. v. City of New York, 488 U.S. 104, 98 S.Ct. 2646, 57
L.Ed.2d 631 (1978)).Â  Here, the ordinance did not deprive Trail of Âall
economically beneficial or productive use of the property,Â as evidenced by
TrailÂs continued receipt of royalty payments after the date the ordinance was
adopted.

Â Â Â Â Â Â Â Â Â Â Â  The issue submitted to the jury, i.e.,
the difference in market value before and after the imposition of the
ordinance, also contemplated a ÂdamagingÂ of TrailÂs interests rather than a
Âtaking.Â Â The trial courtÂs characterization as a ÂtakingÂ is not necessarily
determinative. Â Tarrant County Water Control & Imp. Dist. No. 1 v. Reid,
203 S.W.2d 290, 293 (Tex. Civ. App.ÂFort Worth 1947, writ refÂd n.r.e.) (ÂThe
great weight of authority holds that where the owner's land which has been
damaged is abutting to the land occupied by the project and/or is so situated
with reference to the project that such owner's land suffers from injury by
reason of the operation of the project, that a claim for such injury becomes
one of 'damage' rather than of 'taking.'Â); see also McCammon & Lang
Lumber Co. v. Trinity & B.V. Ry., 104 Tex. 8, 133 S.W. 247, 248 (1911)
(distinction between taking and damaging is provided in Art. 1, Â§ 17 of the
Constitution); Queen City Land Co. v. State,Â  601 S.W.2d 527, 528 (Tex.
Civ. AppÂAustin 1980, writ refÂd n.r.e.) (court erred in vesting fee simple
title, as the petition in condemnation sought only an easement in and to the
tract); City of Houston v. Hamons, 496 S.W.2d 662, 665 (Tex. Civ.
App.ÂHouston [14th Dist.] 1973, writ refÂd n.r.e.) (determining to take the fee
title to the defendants' property, rather than an easement, is subject to
judicial review for 'palpable abuse' of the City's eminent domain power; City
did not need and had no intention to use surface rights when air rights
easement would serve the public purpose of the condemnation); Stiman v. City
of Tyler, 443 S.W.2d 354, 358 (Tex. Civ. App.ÂTyler 1969, writ refÂd
n.r.e.) (some affirmative expression of a desire to condemn a fee must be made,
either in the order of condemnation or by some other official act or order
properly enacted by the governing body); Burgess v. City and County of Dallas Levee Imp. Dist., 155 S.W.2d 402, 403 (Tex. Civ. App.ÂEastland 1941, writ
refÂd w.o.m.) (ÂThe general rule is that the nature of the estate in lands,
constituting the subject matter upon which the power of eminent domain
operates, is that of an easement.Â).

Â Â Â Â Â Â Â Â Â Â Â  Extrapolating from these principles,
we believe that Trail is correct in its assertion that the City is not entitled
to fee simple title to interests that it has ÂdamagedÂ but not Âtaken.ÂÂ 
Accordingly, we will withdraw our judgment and issue a corrected judgment.

Â Â Â Â Â Â Â Â Â Â Â  In Tarrant Regional Water Dist. v.
Gragg, the trial court Âawarded the District a permanent and perpetual
flowage easement over the propertyÂ based on the trial courtÂs finding that an
inverse condemnation had occurred on a specific date and jury findings of
market value immediately before and immediately after the condemnation.Â  Tarrant
Regional Water Dist. v. Gragg, 151 S.W.3d 546, 550 (Tex. 2004) (describing
easement); Tarrant Regional Water Dist. v. Gragg, 43 S.W.3d 608, 613
(Tex. App.ÂWaco 2001) (describing the Âdate of takingÂ and the easement), affÂd,
151 S.W.3d 546 (Tex. 2004).Â  Here, however, it is Ordinance 97-1394 enacted by
the City that restricts TrailÂs ability to enjoy the full benefits or
productive use of its interests.Â  As far as the record shows, that Ordinance
remains in effect, and control of TrailÂs access to its mineral interests
effectively rests in the CityÂs hands.Â  Thus, we find that an award of an
interest in TrailÂs property is not justified and should not be made.Â  TrailÂs
first rehearing issue is sustained.

TrailÂs second issue addresses the credit we gave
the City for sums received by Trail on its interests after the date of inverse condemnation
by the ordinance.Â  The CityÂs response does not address this issue.Â  For the
same reasons expressed above concerning no award of an interest in the property,
we agree with Trail.Â  Thus, TrailÂs second rehearing issue is sustained and our
corrected judgment will delete the credit.

CONCLUSION

We have overruled the CityÂs grounds
for rehearing and sustained TrailÂs issues.Â  TrailÂs motion for rehearing is
granted.Â  Tex. R. App. P. 49.3.Â  Our
judgment dated November 21, 2007, is withdrawn.Â  Without further briefing or
oral argument, we again sustain TrailÂs original issues one through six, reverse
the trial courtÂs judgment, and based on the trial courtÂs finding that an
inverse condemnation occurred and on the juryÂs verdict, render judgment that:


 Plaintiffs have and recover of and from the
 City of Houston the sum of SIXTEEN MILLION EIGHT HUNDRED FORTY-NINE
 THOUSAND NINTY-NINE AND 37/100 DOLLARS ($16,849,099.37), together with
 pre-judgment interest thereon at the rate of 5% per annum from November 5,
 1997, to date of this judgment, and post-judgment interest at the maximum
 rate provided by law from the date of this judgment until paid; and
 The City of Houston pay all costs of this
 proceeding, including costs incurred in the trial court and in this court.


Â 

BILL VANCE

Justice

Â 

Before Chief Justice Gray,

Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â  (Chief Justice Gray dissenting)

AppellantsÂ Motion for Rehearing granted

AppelleeÂs Motion for Rehearing denied

Judgment reversed and rendered 

Opinion delivered and filed April 9, 2008

[CVPM]Â Â Â Â Â Â Â Â Â  









[1] 221 S.W.3d 50 (Tex. 2006).

Â 





[2] 964 S.W.2d 922 (Tex. 1988).

Â 





[3] We refer to all of the Appellants collectively as
ÂTrail,Â as we did in our original opinion.





[4] Although not directly applicable, we note that
section 21.045 provides that, except where otherwise provided by law, the
interest acquired by a condemnor in an eminent domain proceeding under chapter
21 does not include fee simple title.Â  Tex.
Prop. Code Ann. Â§ 21.045 (Vernon 2000).