ADVANCE COMPONENTS, INC., Appellant,

v.

Jerald P. GOODSTEIN, Appellee.

No. 20418.

Court of Civil Appeals of Texas, Dallas.

Oct. 10, 1980.

Rehearing Denied Nov. 10, 1980.

James K. Peden, III, Royal H. Brin, Jr., Strasburger & Price, Richard E. Harrison, Harrison, Mason, Robertson, Hatch & Moss, Dallas, for appellant.

Charles J. McGuire, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

This is an action brought by plaintiff Advance Components, Inc. against Goodstein for specific performance of a contract to convey real estate based upon the exercise of an option to purchase contained in a lease. The trial court granted defendant's motion for summary judgment, thereby denying specific performance, and denied defendant recovery of attorney's fees under the lease. We affirm as to the attorney's fees, but reverse and remand as to the action for specific performance.

On June 6, 1977, defendant leased to plaintiff certain real property. The lease agreement contained an option to purchase the real property that could be exercised by giving written notice at any time from September 1, 1978 to August 31, 1979. The financing provisions of the purchase option stated that plaintiff was:

> to assume the unpaid principal balance on an original $165,000.00 promissory note, payable to Seminary State Bank, Ft. Worth, Texas, bearing nine and one-half (9½%) per cent interest and payable in equal monthly installments of $1,441.61 each (principal and interest), for a period of fifteen (15) years (25 year amortization), from April 10, 1977. In the event tenant exercises said purchase option, then tenant agrees to pay Landlord the CASH difference between the purchase price and the principal balance owed on the hereinabove described mortgage, at closing.

Failure to close as provided in the purchase option was to terminate defendant's obligation to sell and plaintiff's right to purchase.

On May 23, 1979, plaintiff gave notice that he was exercising the option in a letter to defendant. Thereafter, plaintiff attempted to comply with the contract by assuming defendant's note with Seminary State Bank but was unable to do so because the bank required individual guaranties of the assumption. Instead of assuming the note, plaintiff arranged financing for the entire purchase price with Republic National Bank. In all other respects plaintiff fully complied with the terms of the purchase agreement. Defendant refused to close because of plaintiff's failure to assume the note, and plaintiff sued for specific performance. The trial court granted summary judgment for defendant because plaintiff failed to strictly comply with the terms of the option. Immediately after granting summary judgment, the trial court tried the issue of attorney's fees and, based on its finding of fact and conclusion of law, denied defendant recovery of attorney's fees because defendant had not prevailed in an action within the purview of the lease provision allowing attorney's fees.

■■■ We are faced initially with a determination of what rule of law applies to the facts of this case. Defendant argues in his brief that the transaction here involved is an option, which was not exercised according to its terms, and, therefore, the rule that an option must be strictly complied with to become a binding bilateral contract applies. *See Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555 (1961). Plaintiff argues that it did not materially breach the agreement and thus should be allowed the remedy of specific performance. *See Langley v. Norris*, 141 Tex. 405, 173 S.W.2d 454 (1943). The lease with purchase option states "written notice addressed to Landlord shall be sufficient to exercise this purchase option, . . . ." We hold that the option was exercised by the giving of written notice in the letter of May 23 from plaintiff to defendant. *See Kenver Corporation v. Robinson*, 492 S.W.2d 317 (Tex.Civ.App.–Beaumont 1973, writ ref'd n. r. e.). Upon the exercise of the option, a bilateral contract, binding on both parties to the contract, was formed. *Kenver Corporation v.*

*Robinson, supra.* The rule of law in this case, therefore, is that governing bilateral contracts rather than option agreements.

Counsel for defendant admitted at oral argument that the option was exercised by the giving of written notice and that upon the exercise of the option, a bilateral contract was formed. Nonetheless, defendant contends that the trial court correctly applied the rule of strict compliance, as announced in option cases, and, therefore, properly refused to order specific performance of the contract. We cannot agree.

■■■ In the early case of *Farris v. Bennett's Executors*, 26 Tex. 568 (1863), our Supreme Court stated:

> [I]t is the general rule, that, to entitle a party to specific performance, he must show that he has been in no default in not having performed the agreement, and that he has taken all proper steps towards the performance, on his part; yet, on the other hand, though there has not been a strict legal compliance with the terms of the contract, yet, if the non–compliance does not go to the essence of the contract, relief will be granted. *Id.* at 572.

The rule of the *Farris* case has been followed by our Supreme Court for many years. *Linch v. Paris Lumber & Grain Elevator Co.*, 80 Tex. 23, 15 S.W. 208 (1891); *McMillan v. Smith*, 363 S.W.2d 437 (Tex. 1962). In the present case there has not been a strict compliance with the terms of the contract by the plaintiff in that plaintiff arranged to pay off the outstanding note rather than to assume it. This departure from the contract terms, however, will not prevent the plaintiff from having the remedy of specific performance if it is not a material breach of the contract. The determination of whether a breach is a material breach of the contract must necessarily turn on the facts of each case. *See Bowen v. Briscoe*, 453 S.W.2d 287, 289 (Tex.1970). Section 275 of the Restatement of the Law of Contracts states:

> In determining the materiality of a failure fully to perform a promise the following circumstances are influential:

(a) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated;

(b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance;

(c) The extent to which the party failing to perform has already partly performed or made preparations for performance;

(d) The greater or less hardship on the party failing to perform in terminating the contract;

(e) The wilful, negligent or innocent behavior of the party failing to perform;

(f) The greater or less uncertainty that the party failing to perform will perform the remainder of the contract.

Of the circumstances listed in this section, only the first three are applicable under the facts and arguments in this case. Applying those three "influential circumstances," we hold that plaintiff's breach was not so material as to defeat its action for specific performance. Under a decree of specific performance, defendant will receive the substantial benefit which he could have reasonably anticipated, the agreed price of his equity and complete protection against his liability on the outstanding note, and may be compensated by plaintiff for any damages he suffers as a result of its minor breach.

Defendant argues that enforcing the contract without the exact financing provisions specified therein will result in adverse tax consequences to him and will deprive him of his rights as a lienholder of the property. If that is so, he may be compensated in damages for those consequences of plaintiff's breach. With the exception of literal compliance with the financing provisions, plaintiff has fully performed under the contract. It attempted to comply, but was unable to do so without obtaining a guaranty by third persons. It then tendered the full purchase price in cash. On these facts, refusal of a decree of specific performance effectuates an unjust penalty or forfeiture

and therefore, the judgment of the trial court is reversed, and since no motion for summary judgment was filed by plaintiff, the case is remanded for further proceedings. If defendant pleads and proves any damages because of plaintiff's breach, the trial court may enter a decree of specific performance that is conditioned on payment to defendant of reasonable compensation in money. *Farris v. Bennett's Executors, supra*, at 575; *see* Restatement of the Law of Contracts, § 375(3).

By cross–point defendant complains of the trial court's failure to award him attorney's fees under the lease agreement. The lease provides that either plaintiff or defendant may recover attorney's fees if it is necessary to employ an attorney to enforce or defend any of their rights under the terms, covenants, and conditions of the lease. We have held that upon the exercise of the option, a bilateral contract was formed. Plaintiff is suing for specific performance of that bilateral contract, not the lease. Defendant is defending a suit on that bilateral contract and therefore cannot recover in this action under the provision of the lease allowing recovery of attorney's fees. The judgment of the trial court is affirmed with respect to attorney's fees.

Affirmed in part; reversed and remanded in part.