NUMBER 13-03-434-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

DUKE ENERGY FIELD SERVICES, INC.,
DUKE ENERGY FIELD SERVICES, LLC, 
AND DUKE ENERGY NATURAL GAS 
CORPORATION,                                                                 Appellants,

v.

KING RANCH, INC. AND 
KING RANCH MINERALS, INC. ,                                                Appellees.
                                                                                                                                      

On appeal from the 105th District Court of Kleberg County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza 
Memorandum Opinion by Justice Garza
 
          Appellants, Duke Energy Field Services, Inc., Duke Energy Field Services, L.L.P.,
and Duke Energy Natural Gas Corporation, appeal from the trial court’s award of summary
judgment in favor of appellees, King Ranch, Inc. and King Ranch Minerals, Inc. Appellants
raise two issues: the trial court erred by (1) granting appellees’ motion—and denying
appellants’ motion—for summary judgment and (2) granting more relief than appellees’
pleadings and motion for summary judgment sought to recover. Because we conclude that
appellees failed to establish their entitlement to judgment as a matter of law and that
appellants were entitled to summary judgment, we reverse the trial court’s judgment and
render judgment in favor of appellants. I. Background
          The following facts are not in dispute. In 1953, appellees granted an easement (the
“1953 easement”) to Sun Oil Company to install and operate a pipeline within a forty-foot
right-of-way across their property. The 1953 easement was granted for “so long as said
line shall be maintained for the purpose of constructing, inspecting, repairing, operating,
and maintaining the same and the removal of the same at will in whole or in part.” At the
time of the grant, the parties also executed a separate document that set forth Sun Oil’s
consideration for the 1953 easement in the amount of $1,200 per year “until the said
easement is abandoned and a release thereof executed.”  
          Approximately five years later, in 1958, appellees granted an easement (the “1958
easement”) to Coastal Transmission Corporation for another pipeline across their property. 
The term of the easement was set out in language identical to the 1953 easement. Once
again, the consideration for the easement was provided for in a separate document with
identical language regarding the obligation to make annual payments “until the said
easement is abandoned and a release thereof executed.” 
          In 1996, appellants acquired the 1953 and 1958 easements but failed to make the
required payments for three consecutive years. During this period, appellants continued
to use the pipelines, sought access to the easements on a periodic basis for the purpose
of maintaining the lines, and were granted such access by appellees. 
          Then, in 1999, after becoming aware of their obligation to make annual payments,
appellants tendered checks to appellees for the missed payments and for the payments
that would come due over the next five years. The checks were returned uncashed. 
Appellees informed appellants in writing that their failure to make the required payments
had caused the easements to terminate. Appellees then filed suit against appellants for
breach of contract, abandonment, trespass, and a declaratory judgment stating that the
easements had been terminated. Appellants responded with a general denial and a
counterclaim for a declaratory judgment stating that the easements had not been
terminated and that, at most, appellees would be liable for only monetary damages. 
          Subsequently, both sides filed motions for summary judgment on their declaratory
judgment claims. These claims were severed from appellees’ other claims. A final
summary judgment was entered in appellees’ favor. 
II. Standard of Review
          We review summary judgments de novo. Coco v. Port of Corpus Christi Auth., 132
S.W.3d 689, 691 (Tex. App.—Corpus Christi 2004, no pet.). To prevail, the moving party
has the burden of showing that there is no genuine issue of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Where, as here, both
sides move for summary judgment and the trial court grants one motion and denies the
other, the reviewing court should review the summary judgment evidence presented by
both sides and determine all questions presented. Comm’rs Court of Titus County v. Agan,
940 S.W.2d 77, 81 (Tex. 1997).
III. Discussion
          Appellees advance two grounds for summary judgment in their motion. Initially,
appellees contend that appellants’ failure to make the required payments caused the
easements to terminate. In the alternative, appellees argue that, even if the easements
were not terminated, appellants’ failure to make the required payments caused the
compensation agreements to terminate. Because appellants are still using the easements,
however, appellees claim that they are entitled to reasonable compensation. In their
motion for summary judgment, appellees ask the trial court to allow the trier of fact to
determine the amount of such reasonable compensation.
          In their cross-motion, appellants argue that summary judgment should be rendered
in their favor because forfeiture of all rights under the agreements is not a remedy available
to appellees. Appellants characterize their obligation to make annual payments as a
covenant, rather than a condition subsequent. According to appellants, a breach of the
covenant to make annual payments does not result in the forfeiture of all rights under the
agreements; it gives appellees the right to recover monetary damages. In the alternative,
appellants argue that, even if the duty to make annual payments is a condition subsequent,
appellees waived their claim for forfeiture by waiting three years to complain about the
missed payments and by allowing appellants onto the easements to maintain and utilize
the pipelines while the payments were outstanding. 
          The trial court’s order granting summary judgment in favor of appellees made the
following statements: 
The following agreements are hereby terminated: 
(a) November 12, 1958, Agreement between King Ranch and Coastal
Transmission Corporation involving consideration for placing and maintaining
a pipeline . . . . 
(b) November 12, 1958, Agreement between King Ranch and Coastal
Transmission Corporation involving the pipeline . . . . 
(c) August 19, 1953, Agreement between King Ranch and Sun Oil Company
involving consideration for placing and maintaining a pipeline easement . .
. .
(d) August 19, 1953, Agreement between King Ranch and Sun Oil Company
involving a pipeline . . . . 
 
The trial court’s order also stated that appellants “shall have a reasonable time, not to
exceed six months, to remove all personal property, including pipelines, in, on, or under
the . . . easements.” 
          Having reviewed the record, we conclude that, as a matter of law, the trial court’s
judgment is erroneous and must be reversed. The claims in this case are for declaratory
relief, but the trial court granted more than declaratory relief: it ordered appellants “to
remove all personal property, including pipelines, in, on, or under the . . . easements.” 
Such relief is not authorized by the declaratory judgment act, which allows the court only
to declare the parties’ rights and status. See Tex. Civ. Prac. & Rem. Code Ann. §
37.003(a) (Vernon 1997) (stating that the act gives “courts . . . the power to declare rights,
status, and other legal relations whether or not further relief is or could be claimed”). 
          Furthermore, neither appellees’ live petition nor their motion for summary judgment
requested the removal of all personal property from the easements. Consequently, the trial
court had no basis to award such relief. See Stiles v. Resolution Trust Corp., 867 S.W.2d
24, 26 (Tex. 1993) (“restrict[ing] the trial court’s [summary judgment] ruling to issues raised
in the motion, response, and any subsequent replies”). The trial court’s judgment must
therefore be reversed. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001)
(“A judgment that grants more relief than a party is entitled to is subject to reversal . . . .”). 
          We further conclude that the easements have not terminated. An easement granted
for a particular purpose terminates when its purpose ceases to exist or is completed or
when the easement is abandoned or rendered impossible of performance. Jones v. Fuller,
856 S.W.2d 597, 603 (Tex. App.—Waco 1993, writ denied). The easements in this case
were granted for particular purposes.


 In their motion for summary judgment, appellees 
made no arguments nor referenced any summary judgment evidence to establish that the
purpose of either easement has ceased to exist, been completed, or been rendered
impossible. Likewise, appellees failed to argue that the easements had been abandoned. 
Consequently, we conclude that appellees did not demonstrate that they are entitled to
judgment as a matter of law on the ground that the easements were terminated by
appellants’ failure to make the required annual payments. 
          Appellees’ second ground for summary judgment is that, even if the easements
were not terminated, appellants’ failure to make the required payments caused the
compensation agreements to terminate. We disagree. Although appellants have breached
the compensation agreements by failing to make the required payments, appellees’
obligations under the agreements would have been terminated only if the breaches were
material. See Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 692 (Tex. 1994) (“[W]hen
one party to a contract commits a material breach of that contract, the other party is
discharged or excused from any obligation to perform.”). Whether a breach of contract is
a material breach necessarily turns on the facts of each case. Advance Components, Inc.
v. Goodstein, 608 S.W.2d 737, 739 (Tex. Civ. App.—Dallas, 1980 writ ref’d n.r.e.). The
supreme court has endorsed a set of factors for the courts to consider in evaluating the
materiality of a breach: (1) the extent to which the non-breaching party will be deprived of
the benefit that it could have reasonably anticipated from full performance; (2) the extent
to which the injured party can be adequately compensated for the part of that benefit of
which he will be deprived; (3) the extent to which the party failing to perform or to offer to
perform will suffer forfeiture; (4) the likelihood that the party failing to perform or to offer to
perform will cure his failure, taking account of all the circumstances including any
reasonable assurances; and (5) the extent to which the behavior of the party failing to
perform or to offer to perform comports with standards of good faith and fair dealing. 
Hernandez, 875 S.W.2d at 693 n.2 (citing Restatement (Second) of Contracts § 241
(1981)). 
          Appellees have produced evidence and made arguments on only the first of these
factors (i.e., the extent to which they will be deprived of the benefit that they could have
reasonably anticipated from full performance). Appellees argue that appellants’ failure to
make the required payments deprived them of their sole benefit under the agreements. 
According to appellees, that alone establishes that the breaches were material. 
          Appellants, in contrast, argue that the breaches were not material because
appellees can be easily and adequately compensated for the benefit they have lost. 
Appellants contend that they have already performed fully under the agreements by
tendering the delinquent payments and future payments for the next five years. Appellants
maintain that they stand “ready, willing, and able” to honor their obligations in the future. 
Additionally, appellants contend that they have acted in good faith at all times in their
relations with appellees.
          Considering the factors set forth in Hernandez, we conclude that the breaches in
this case were not material: (1) appellants are willing to tender the missed payments and
have, in fact, done so, which demonstrates that appellees will not be deprived of their sole
benefit under the agreements; (2) appellees can be fully compensated for the missed
payments by an award of damages; (3) appellants have already attempted to cure their
failure to perform by tendering the missed payments; (4) appellants have demonstrated
their willingness to perform in the future by tendering payments for the next five years; and
(5) there is no evidence that appellants acted in bad faith. See id. 
          We conclude that appellees have failed to demonstrate that the breach was material
and that they are entitled to judgment as a matter of law. The trial court erred by granting
summary judgment based on the grounds advanced in appellees’ motion. 
          Next, we turn to appellants’ cross-motion for summary judgment. Appellants asked
the trial court to declare that the easements have not terminated and that appellees may
recover only monetary damages for the missed payments. 
          There is no language in the compensation agreements indicating that the duty to
make annual payments was intended to be a condition rather than a covenant. Because
conditions are disfavored by the law, we interpret this obligation as a covenant. See
Criswell v. European Crossroads Shopping Ctr., Ltd., 792 S.W.2d 945, 948 (Tex. 1990)
(“Because of their harshness in operation, conditions are not favorites of the law.”). 
Consequently, appellants’ failure to make the required payments did not forfeit their rights
under the agreements. We conclude that appellants are entitled to a declaratory judgment
stating that appellees may recover only monetary damages for appellants’ failure to make
the required payments. 
 
IV. Conclusion 
          Accordingly, we reverse the judgment of the trial court and render a declaratory
judgment in favor of appellants. 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered and
filed this the 7th day of October, 2004.