United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-10504

————————————————

SG/IP LTD, a Texas Limited Partnership,

Plaintiff - Counter Defendant - Appellee,

versus

WILLIAM L. CENTERS,

Defendant - Counter Claimant - Appellant.

————————————————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
District Court Cause No. 3:99-CV-556-L

————————————————————————————————————————————————

Before GARWOOD, JONES and PRADO, Circuit Judges.

PER CURIAM.[*]

   This appeal involves the interpretation of the terms of an

option agreement between the appellant, William L. Centers

(Centers), and the appellee, SG/IP Ltd (SG/IP). In the

agreement, SG/IP gave Centers the option to acquire a 50%

interest in an apartment complex that Centers's wholly-owned

company, Centennial Mortgage, owned. The option agreement

conditioned purchase of the option interest on the sale of the

apartment complex to SG/SC Ltd (SG/SC) who is not a party to the

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, this court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

litigation.

The agreement provided that Centers's purchase of the option interest would occur on the date of SG/SC's purchase and acquisition of the apartment complex (the closing). The agreement further provided that SG/IP would convey the option interest simultaneously with SG/SC's acquisition of the property. The agreement required Centers to tender a certified check for the purchase price of the option interest to SG/IP at the closing for SG/SC's purchase of the apartments. Neither Centennial Mortgage nor Centers attended the closing, and the property closed in escrow.

After the closing, a dispute arose between SG/SC and Centennial Mortgage about ownership of the apartment complex. Ultimately, a Florida state court resolved the dispute by entering a judgment holding that SG/SC became the sole owner of the apartments on the closing date. Centers then asked SG/IP to send him the documents to close on the option agreement.

SG/IP responded that Centers no longer had a right to purchase the option interest because the option agreement had terminated. SG/IP then sought declaratory judgment in Texas state court that Centers had no right to acquire an interest in the property. Centers removed the lawsuit to federal court and filed counterclaims for breach of contract and specific performance.

After considering the parties' cross-motions for summary

judgment, the district court determined that SG/IP was entitled to summary judgment on Centers's counterclaims and declared that Centers had no right to the option. Centers challenges those determinations in this appeal.

Centers first argues that the district court erred by determining that SG/IP did not breach the option agreement. To prevail on his counterclaim for breach of contract, Centers had to prove that he performed or tendered performance under the option agreement.[1] Centers, however, cannot prove that he performed under the option agreement because the option agreement required him to perform at the closing. Centers failed to attend the closing and failed to tender a check for the purchase of the option interest. Although Centers maintains that his obligations under the option agreement did not begin until SG/SC actually acquired the property, nothing in the option agreement suggests that Centers was not obligated to perform at the closing. Regardless of when SG/SC obtained the deed memorializing its title to the apartment complex, the option agreement required Centers to perform at the closing.[2] Because the summary judgment

---

[1]*See Sullivan v. Smith*, 110 S.W.3d 545, 546 (Tex. App.—Beaumont 2003, no pet.) ("The elements of a cause of action for breach of contract are: 1) the existence of a valid contract; 2) that the plaintiff performed or tendered performance; 3) that the defendant breached the contract; and 4) that the plaintiff was damaged as a result of the breach.").

[2]Moreover, it is clear that Centers, through Centennial Mortgage, his wholly-owned company of which he was CEO, without legal justification, wrongfully caused SG/SC not to receive the

evidence indicates that Centers did not perform under the option agreement, the district court correctly determined that SG/IP was entitled to summary judgment on Centers's counterclaim for breach of contract.

Centers next argues that the district court erred by determining that he was not entitled to specific performance of the option agreement. To be entitled to specific performance, Centers had to prove that he complied with his obligations under the option agreement.[3] Centers, however, did not perform his obligations because he did not attend the closing and he did not tender a check for the purchase of the option interest. Despite Centers's efforts to distinguish the opinion on which the district court relied,[4] Texas law clearly indicates that only a party who has performed his obligations under an agreement is

---

deed to the property until after the closing date.

[3]*Graves v. Alders*, 132 S.W.3d 12, 18 (Tex. App.—Beaumont 2004, pet. denied) (explaining that party seeking specific performance of a real estate contract must prove that he has diligently and timely performed all contractual obligations); *Scott v. Vandor*, 671 S.W.2d 79, 84 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (determining that a plaintiff is not entitled to specific performance where the plaintiff commits a material breach of the contract); *Advance Components, Inc. v. Goodstein*, 608 S.W.2d 737, 739 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (stating that a party seeking specific performance must show that he has taken all proper steps towards performance).

[4]The district court relied upon *Ferguson v. von Seggern*, 434 S.W.2d 380 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e).

4

entitled to specific performance.[5]  The district court did not err by entering summary judgment in favor of SG/IP on Centers's counterclaim for specific performance.

Finally, Centers complains that the district court erred by declaring that he was no longer entitled to an option interest. To show that the district court erred, Centers had to prove that he performed his obligations under the agreement by the date specified in the option agreement.[6]  The agreement gave Centers until November 4, 1996 to exercise his option.  Although Centers notified SG/IP that he intended to exercise his option on October 14, 1996, he did not attend the closing and he did not tender a check for the option interest.  By failing to perform his obligations under the option agreement, Centers lost his right to acquire an interest under the option agreement.  Consequently, the district court did not err by declaring that Centers had no right under the option agreement.

Because the district court correctly decided the issues raised in this appeal, this court AFFIRMS the district court's judgment.

AFFIRMED.

---

[5]*See Goodstein*, 608 S.W.2d at 739.

[6]*See Ferguson*, 434 S.W.2d at 386 (determining that where parties to an option agreement specify when performance must occur, a party loses his right under the agreement if he fails to perform by the specified date).

5