NO. 12-03-00444-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

THE LAW OFFICES OF 
ADRIAN CRANE &                                           §     APPEAL FROM THE 124TH
ASSOCIATES, P.C.,
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

JOHN E. PETTY, D.C., P.C.,
APPELLEE                                                        §     GREGG COUNTY, TEXAS





MEMORANDUM OPINION
            The Law Offices of Adrian Crane & Associates, P.C. (“Crane”) appeals the trial court’s order
granting summary judgment in favor of John E. Petty, D.C., P.C. Crane raises three issues on appeal. 
We reverse and remand.

Background
            While representing Lynetta Morse in a personal injury matter, Crane entered into a letter of
protection agreement with Petty concerning Petty’s treatment of Morse. The agreement between
Crane and Petty stated, in pertinent part, as follows:
 
The Law Offices of Adrian Crane and Associates, P.C. (hereinafter referred to as “The Law Offices”)
agrees to withhold up to three thousand dollars from any settlement or judgment as may be necessary
to protect the bill incurred by the client/patient, as a result of injuries sustained which give rise to
his/her need for such medical treatment. “Settlement or judgment” is defined here as claim proceeds
less attorney’s fees and expenses.
 
The Law Offices agrees to pay you directly from these funds for the services rendered to the
client/patient after the date above, in exchange for your promise to adhere to the following material
provisions of the agreement: provide medical treatment, await payment, abstain from all collection
efforts directed at all parties to this agreement, deliver a gratis copy of the medical and billing records
to the Law Offices, and if necessary (as determined by the Law Offices), make the medical bills and
records admissible for trial by timely completing the appropriate affidavits or by providing a qualified
representative to testify at trial, at no additional charge, to the necessity of the medical care and the
reasonableness of the associated charges.
 
Thereafter, Petty provided medical treatment to Morse. Crane contacted Petty’s office to procure
medical records related to Morse, but was informed that such records would not be released to him
unless he paid thirty-five dollars for the records. Crane’s office manager repeatedly advised Petty’s
staff member that requiring payment for Morse’s medical records was a violation of the letter of
protection agreement. Nonetheless, Crane tendered payment in the amount of thirty-five dollars to
Petty for the records.
            When Morse’s case settled, Petty unsuccessfully sought to collect from Crane $1,204.00 for
medical treatment he rendered in accordance with the agreement . On June 25, 2003, Petty filed suit
against Crane for “presentment.” Petty later amended his petition alleging breach of contract. Petty
subsequently filed a motion for summary judgment. Crane responded to the motion contending that,
among other things, Petty had breached a material term of the contract by not providing a gratis copy
of Morse’s medical records to Crane. Crane also filed cross-motions for both traditional and no-evidence summary judgment against Petty contending that Petty’s “presentment” claim was not
recognized under the law.


 The trial court granted Petty’s motion for summary judgment on
January 7, 2004 and awarded Petty $1,204.00 and attorney’s fees in the amount of $989.00. This
appeal followed.
Standard of Review
            In reviewing a traditional motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985), which
are as follows:
 
              1.           The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
 
              2.           In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and
 
              3.           Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.

See id.; May v. Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 628 (Tex. App.–Tyler 2001, no pet.). 
For a party to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's
cause of action or prove all essential elements of an affirmative defense. See Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); see also MMP, Ltd. v. Jones, 710
S.W.2d 59, 60 (Tex.1986). Since the burden of proof is on the movant, and all doubts about the
existence of a genuine issue of a material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the nonmovant. See Great Am. 
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965). We are not
required to ascertain the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn, 151
Tex. 412, 252 S.W.2d 929, 932 (1952). The only question is whether or not an issue of material fact
is presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678-79 (Tex.1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).
Breach of Contract and Materiality of Breach
            In his first issue, Crane argues that the trial court erred in granting Petty’s motion for
summary judgment because Petty did not demonstrate that he was entitled to judgment as a matter
of law. In his second issue, Crane argues that there existed a material issue of fact precluding
summary judgment. To prove an action for breach of contract, the plaintiff must establish (1) the
existence of an enforceable contract between the plaintiff and the defendant, (2) that the plaintiff
performed, tendered performance, or was excused from performing, (3) that the defendant breached
the contract, and (4) that the defendant’s breach caused the plaintiff injury. See Southwell v.
University of the Incarnate Word, 974 S.W.2d 351, 354–55 (Tex. App.–San Antonio 1998, pet.
denied). 
            In the case at hand, the summary judgment evidence is conclusive that there existed a
contract in the form of a letter of protection agreement between Crane and Petty. Under the terms
of that agreement, Crane agreed to withhold up to three thousand dollars from any settlement or
judgment as may be necessary to protect the bill incurred by Crane’s client, Morse, and pay Petty
directly from said funds for the services rendered by Petty to Morse. In return, Petty agreed to,
among other things, deliver a gratis copy of the medical and billing records to Crane. It is further
undisputed and conclusively shown by the summary judgment evidence that Petty did not provide
a gratis


 copy of the medical records to Crane as agreed. Moreover, the summary judgment evidence
is conclusive that Crane did not pay Petty from Morse’s settlement funds for the medical treatment
Petty rendered to Morse.
            Crane argues that his performance under the contract was excused by Petty’s failure to adhere
to his promise that he provide Crane with a gratis copy of Morse’s medical records. Petty argues that
the promise to provide a gratis copy of Crane’s medical records was not a material term, and thus,
his failure to perform that promise does not excuse Crane’s performance of his obligations pursuant
to the contract.
            Where a party materially breaches a contract, the other party is excused from its obligation
to perform. See Mead v. Johnson Group, Inc., 615 S.W.2d 685, 689 (Tex. 1981). Whether a
contractual provision is material is a question of fact to be determined by the trier of fact. See
Hudson v. Wakefield, 645 S.W.2d 427, 430 (Tex. 1983);


 Briargrove Shopping Ctr. Joint Venture
v. Vilar, Inc., 647 S.W.2d 329, 333 (Tex. App.–Houston [1st Dist.] 1982, no writ); Advance
Components, Inc. v. Goodstein, 608 S.W.2d 737, 739 (Tex. Civ. App.–Dallas 1980, writ ref'd.
n.r.e.). Thus, as there remained an issue of fact with regard to whether the obligation that Petty failed
to perform was a material one, we hold that Petty was not entitled to summary judgment. Crane’s
first and second issues are sustained.
No-evidence Motion for Summary Judgment
            In his third issue, Crane argues that the trial court erred in denying his no-evidence motion
for summary judgment. After adequate time for discovery, a party without presenting summary
judgment evidence may move for summary judgment on the ground that there is no evidence of one
or more essential elements of a claim or defense on which an adverse party would have the burden
of proof at trial. Tex. R. Civ. P. 166a(i). The motion must state the elements as to which there is
no evidence. Id.  The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact. Id. The movant need not produce any
proof in support of its no-evidence claim. See id.; see also, Judge David Hittner and Lynne Liberato,
Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998). The motion must be specific
in alleging a lack of evidence on an essential element of a cause of action, but need not specifically
attack the evidentiary components that may prove an element of the cause of action. See Denton v.
Big Spring Hosp. Corp., 998 S.W.2d 294, 298 (Tex. App.–Eastland 1999, no pet.). Once a no-evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant
to bring forth evidence that raises a fact issue on the challenged evidence. See Macias v. Fiesta
Mart, Inc., 988 S.W.2d 316, 316–17 (Tex. App.–Houston [14th Dist.] 1999, no pet.). A no-evidence
motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative
evidence to raise a genuine issue of material fact as to an essential element of the nonmovant’s claim
on which the nonmovant would have the burden of proof at trial. See Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex.1997). If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a
scintilla of evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and
the legal effect is that there is no evidence. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex.1983).
            On appeal, we will uphold a no-evidence summary judgment only if the summary judgment
record reveals no evidence of the challenged element, i.e., (a) there is a complete absence of evidence
as to the challenged element; (b) the evidence offered to prove the challenged element is no more
than a mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged
element; or (d) the court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove the challenged element. See Taylor-Made Hose, Inc. v. Wilkerson, 21
S.W.3d 484, 488 (Tex. App.–San Antonio 2000, pet. denied) (citing Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Texas L. Rev. 361, 362-63 (1960)). 
            In his no-evidence motion for summary judgment, Crane alleged that Petty had offered no
evidence as to his claim for “presentment.” Yet, prior to the time Crane filed his no-evidence motion
for summary judgment, Petty amended his petition to include the caption “breach of contract.” 
Moreover, in his first amended petition, Petty specifically alleged facts that give notice of his breach
of contract claim. 
            Turning to the allegations in Crane’s motion, we are unaware of a cause of action in Texas
for “presentment” that would apply to the facts of the instant case. Indeed, the unavailability of such
a cause of action under Texas law is the brunt of Crane’s argument to the trial court in his motion. 
But a summary judgment should not be based on a pleading deficiency that can be cured by
amendment. See In re B.I.V., 870 S.W.2d 12, 13, (Tex. 1994). The appropriate action would be to
file a special exception to Petty’s pleading. See Tex. R. Civ. P. 91. In fact, Crane filed special
exceptions on such grounds and, as a result, Petty filed his first amended original petition, in which
he abandoned any reference to a claim of “presentment.” Thus, inasmuch as Petty had abandoned
his claim entitled “presentment,” cf. Tex. R. Civ. P. 165, the trial court did not err in refusing to
grant Crane’s no-evidence motion for summary judgment as to Petty’s “presentment” claim. Crane’s
third issue is overruled.
Disposition
            Having sustained Crane’s first and second issues and overruled Crane’s third issue, we
reverse the trial court’s judgment and remand the cause to the trial court for further proceedings
consistent with this opinion. 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
(PUBLISH)